1

2

3

4

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Case No. 10-16183 |
| SALMA H. AGHA, | |
| Debtor. | |
| SALMA AGHA-KHAN, MD., | Adv. Proc. No. 16-01107 |
| Plaintiff, | |
| v. | USDC No. 1:17-cv-0011-LJO |
| Bank of America, a national bank, and a California Business Entity; et al., | |
| Defendants. | |

**RECOMMENDATION FOR WITHDRAWAL OF THE REFERENCE**
**FOR THIS ADVERSARY PROCEEDING 16-01107**
**28 U.S.C. § 157(d) and (e)**
**(Non-Core Proceedings and Demand for Jury Trial)**

The Clerk of the Bankruptcy Court shall transmit a copy of this Recommendation to the Hon. Lawrence J. O'Neill, Chief Judge of the Unites States District Court for the Eastern District of California as the recommendation for the withdrawal of the reference for the above captioned adversary proceeding by the undersigned Chief Judge of the Bankruptcy Court for the Eastern District of California.

On December 15, 2016, Salma Agha-Khan, M.D. ("Plaintiff-Debtor") filed a Complaint with the United States Bankruptcy Court for the Eastern District of California (Fresno Division), titled *Salma Agha-Khan, M.D. v. Bank of America, et al.*, Bankr. E.D. Cal. No. 16-01107 ("Adv. Pro. 16-01107"). Plaintiff-Debtor is the bankruptcy debtor in Chapter 7 bankruptcy case number 10-16183

("Bankruptcy Case"). That Bankruptcy Case was filed on May 30, 2010, with the Bankruptcy Court for the Eastern District of California (Fresno Division). The bankruptcy court's Docket reflects that Plaintiff-Debtor was granted a Chapter 7 discharge on September 23, 2010. The Docket further reflects that the bankruptcy case was closed on January 7, 2011 (Dckt.66);[1] reopened on September 18, 2012 (Dckt. 70); re-closed on September 14, 2016 (Dckt. 260); and reopened on September 20, 2016 (Dckt. 263).

The Complaint has nineteen named Defendants and additional Doe Defendants 1 to 100. The fifty-two page Complaint (to which is attached 262 pages of exhibits) denominates fifteen causes of action in the title.[2] Two of the named defendants are Bankruptcy Judge Richard Lee and Bankruptcy Judge Fredrick Clement, both who sit in the Eastern District of California (Fresno Division). Plaintiff-Debtor's bankruptcy case is currently assigned to Judge Lee, with Judge Clement having previously adjudicated issues in the Bankruptcy Case. Other named defendants include private attorneys and law firms, financial institutions, and loan servicers.

After review of the Complaint, consideration of the claims therein, and the proper exercise of federal judicial power by Article I bankruptcy judges, the undersigned respectfully recommends that the reference of this Adversary Proceeding to the bankruptcy judges in this District be withdrawn and the Adversary Proceeding adjudicated in the United States District Court before an Article III judge.

## REFERRAL OF BANKRUPTCY CASES TO THE BANKRUPTCY JUDGES FOR THE EASTERN DISTRICT OF CALIFORNIA

Federal court jurisdiction for all bankruptcy cases arising under Title 11 of the United States Code and all matters arising in or relating to said bankruptcy cases is vested in the United States district courts. 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the district court may refer any

---

[1]   Unless otherwise stated, all references to "Dckt." are to the bankruptcy case docket in case no. 10-16183.

[2]   A copy of the Complaint is attached as Appendix A, without exhibits attached due to the size of the document. The Complaint with all exhibits attached filed with the bankruptcy court. Adv. Pro. 16-01107, Dckt. 1.

1    or all cases under Title 11, and any or all proceedings arising in or related to any case under Title 11,

2    to the bankruptcy judges in that district. All cases under Title 11, and all proceedings arising in or

3    related to any case under Title 11, have been referred to the bankruptcy judges in the Eastern District

4    of California. E.D. Cal. Gen. Orders Nos. 182, 223.

**PRIOR ADVERSARY PROCEEDING COMMENCED BY**
**PLAINTIFF-DEBTOR FOR WHICH REFERENCE WAS**
**WITHDRAWN BY DISTRICT COURT**

7       As stated in the Complaint, Plaintiff-Debtor has been litigating another complaint against

8    various persons, including the two above-named bankruptcy judges, in the Eastern District of

9    California. In that prior adversary proceeding, *Agha et al v. Clement et al*, E.D. Cal. Case No.

10    1:15-cv-00042-DAD ("2015 Action"), the reference of that matter to the Bankruptcy Court was

11    withdrawn,[3] and the adversary proceeding was assigned to a District Court judge in the Eastern

12    District of California.

13       The District Court's docket for the 2015 Action indicates that the defendants in that action

14    have been dismissed with prejudice (2015 Action, Dckt. 134) and that the order of dismissal is on

15    appeal before the Ninth Circuit Court of Appeals. An order of the Ninth Circuit Court of Appeals

16    filed November 16, 2016, summarily affirming the dismissals of the two bankruptcy judges,

17    members of the Office of the U.S. Trustee, and the United States is on the District Court Docket.

18    2015 Action, Dckt. 148.

**SUMMARY OF CLAIMS ASSERTED IN COMPLAINT**

20       A summary of the causes of action includes, but is not limited to, the following claims

21    asserted in the Complaint:[4]

---

23       [3] The "referral" of bankruptcy cases and proceedings to a bankruptcy judge is commonly

24    called the "reference" to the judge and the withdrawal is commonly called a "withdrawal of the reference." The terms "referred," "referral," or "reference" are used in this Recommendation in

25    connection to bankruptcy cases and bankruptcy-related proceedings referred to bankruptcy judges pursuant to 28 U.S.C. § 157, and the withdrawal thereof by a district court to bankruptcy court

26    judges.

27       [4] The Complaint, which is fifty-two pages in length and includes 253 numbered

28    paragraphs, contains extensive citations and general references to "California Statutes" and "Nevada Statutes." This court does not attempt to provide an exhaustive restatement of each and

A.   First Cause of Action – asserting a claim against the Defendants arising under the federal law for bankruptcy crimes. 18 U.S.C. § 157 (scheme or artifice to defraud using a bankruptcy petition, filing documents in a case under Title 11, or false representation, claim, or in a related proceeding). Complaint ¶¶ 128–37.

B.   Second Cause of Action – asserting a claim against the Defendants under the federal bankruptcy crime statutes. 18 U.S.C. § 152 (including false oath, statement, or declaration under penalty of perjury). Complaint ¶¶ 138–46.

C.   Third Cause of Action – asserting a claim against the Defendants for "fraud," based on misrepresentations made to recorders in Nevada and California, on the world wide web, and in state courts and the bankruptcy court. This appears to be a claim based on the applicable non-bankruptcy state law. Complaint ¶¶ 147–55.

D.   Fourth Cause of Action – asserting a claim against the Defendants for violation of Plaintiff's rights arising under 42 U.S.C. § 1982 (property rights) and 42 U.S.C. § 1983 (civil action for deprivation of rights). Complaint ¶¶ 156–69.

E.   Fifth Cause of Action – asserting a claim against the Defendants for violations of due process under the U.S. Constitution, Nevada Constitution, and California Constitution. Complaint ¶¶ 170–80.

F.   Sixth Cause of Action – asserting a claim against the Defendants for "negligence" against all of the Defendants. This appears to be a claim based on the applicable state law. Complaint ¶¶ 181–87.

G.   Seventh Cause of Action – asserting a claim for "conversion" against the Defendants, specifically identifying Citi et al. and its attorneys. This claim appears to be based on applicable state law. Complaint ¶¶ 188–94.

H.   Eighth Cause of Action – asserting a claim for "Trespass to Chattel" against the Defendants, specifically identifying Citi et al., Citimortgage, and their attorneys. This claim appears to be based on applicable state law. Complaint ¶¶ 195–201.

I.   Ninth Cause of Action – asserting a claim for "Defamation" against the Defendants. This claim appears to be based on applicable state law. Complaint ¶¶ 202–08.

J.   Tenth Cause of Action – asserting a claim for "False Light" against the Defendants for publishing false and damaging information which placed Plaintiff in a "false light." This claim appears to be based on applicable state law. Complaint ¶¶ 209–13.

K.   Eleventh Cause of Action – asserting a claim for "Slander of Title" and to "Quiet Title" against the Defendants for property of the Plaintiff. This claim appears to be based on applicable state law. Complaint ¶¶ 214–24.

L.   Twelfth Cause of Action – asserting a claim against the Defendants, specifically identifying GMAC, for violation of Nevada foreclosure statutes, civil and criminal. This claim appears to be based on applicable state law. Complaint ¶¶ 225–30.

---

every specific allegation or legal grounds, but provides a general summary as assistance to the District Court in beginning its consideration of whether the referral for Adv. Pro. 16-01107 should be withdrawn.

M.   Thirteenth Cause of Action – asserting a claim against Defendants, specifically identifying Citimortgage and their attorneys, for violation of California foreclosure statutes, civil and criminal (Cal. Civ. §§ 2945 et seq. and Cal. Pen. § 115 identified in this Cause of Action). This claim appears to be based on applicable state law. Complaint ¶¶ 231–35.

N.   Fourteenth Cause of Action – asserting a claim against the attorney Defendants for violation of California Business and Professions Code and Canons governing the conduct of attorneys. (The title also makes reference to Nevada Statues, but none are identified in the Fourteenth Cause of Action.) This claim appears to be based on applicable state law. Complaint ¶¶ 236–42.

O.   Fifteenth Cause of Action – asserting federal law claims against the "lending and collecting entities" under "TILA," "FERA," "FCRA," "RESPA," "18 U.S.C. §§ 1002, 1028," and "15 U.S.C. §§ 1601 et seq." This claim appears to be based on applicable nonbankruptcy federal law. Complaint ¶¶ 243–47.

P.   Unnumbered Cause of Action – seeking an award of punitive damages against all Defendants pursuant to California law. This claim appears to be based on applicable state law. Complaint ¶¶ 248–52.

The monetary damages are stated to be in excess of $50,000,000.00, and punitive damages are requested in the amount of $22,000,000.00.

In the Complaint, Plaintiff-Debtor also makes demand for a jury trial. Though rarely conducted in the bankruptcy court, Congress provides in 28 U.S.C. § 157(e) that a bankruptcy judge may conduct a jury trial for non-core proceedings, but only with the consent of all parties. Here, there are at least nineteen Defendants and the Plaintiff who must first consent to an Article I bankruptcy judge conducting a jury trial to the extent Plaintiff is entitled to a jury trial.

**Summary of Allegations Regarding Bankruptcy Judges**

With respect to the judges, it is asserted that Judge Clement "deliberately, knowingly and intentionally allowed fraud, forged documents and filings to be presented to this [bankruptcy] Court in Plaintiff's bankruptcy" to assist a long time attorney friend, David Chandler and the Chandler law firm. Mr. Chandler represents clients asserting claims in Plaintiff's bankruptcy case, which claims Plaintiff asserts are fraudulent. In addition, Plaintiff asserts that Judge Clement improperly reopened Plaintiff's Bankruptcy Case so that fraudulent claims could be asserted in the bankruptcy case and assets of Plaintiff improperly pursued.

As to Judge Lee, Plaintiff asserts that when he replaced Judge Clement in Plaintiff's bankruptcy case, he allowed fraudulent evidence to be presented in Plaintiff's bankruptcy case.

1   Further, Plaintiff alleges that Judge Lee refused to have the defaults entered against persons Plaintiff

2   was litigating against and dismissed Plaintiff's complaint in that adversary proceeding, even as to

3   those defendants who had failed to respond.  Plaintiff also contends that Judge Lee continued as the

4   judge in Plaintiff's bankruptcy case notwithstanding Plaintiff suing him in the 2015 Action.[5]

### RECOMMENDATION FOR WITHDRAWAL OF REFERENCE BY DISTRICT COURT OF ADVERSARY PROCEEDING 16-01107

7           In making this recommendation, this bankruptcy judge does not express any opinion as to

8   the merits of the Complaint or allegations therein.  The recommendation, as discussed below, is

9   based on the nature of the claims asserted and the exercise of federal judicial power by a United

10  States district court judge (an Article III judge[6]) and a United States bankruptcy judge (an Article I

11  judge).

12          An Article I bankruptcy judge exercises federal judicial power to enter final orders and

13  judgments for all matters arising under Title 11 (the Bankruptcy Code) and in the bankruptcy case

14  (which are commonly referred to as "core proceedings").  For related-to matters (commonly referred

15  to as "non-core proceedings"), all parties must consent (express or implied) to the entry of final

16  orders and judgment by the bankruptcy judge. *See Wellness Int'l Network, Ltd. v. Sharif,* __ U.S.

17  ___, 135 S. Ct. 1932 (2015); *Exec. Benefits Ins. Agency v. Arkison,* ___ U.S. ___, 134 S. Ct. 2165

18  (2014).  If unanimous consent is not given for a non-core proceeding, the bankruptcy judge may

19  conduct the judicial proceedings and thereafter make proposed findings, conclusions, orders, and

20  judgment to an Article III district court judge, who will make the final determinations thereof after

21  *de novo* review. 28 U.S.C. § 157(c)(1). "Non-core" proceedings are commonly the normal state and

22  federal non-Bankruptcy Code rights and interests which would normally be adjudicated in actions

23  filed in the state court or the district court, and are not adjudicated in proceedings arising under the

---

25  [5] The court has identified the following paragraphs of the Complaint in which specific
26  allegations are made concerning the conduct of the two judges: ¶ 40, ¶ 41, ¶ 43, ¶ 44, ¶ 49, ¶ 110,
    ¶ 111, ¶ 112, ¶ 114, ¶ 116, ¶ 119, ¶ 120, ¶ 121, ¶ 122, ¶ 123, ¶ 124, ¶ 125 and ¶ 126.

27  [6] The "Article" reference being to the Articles of the United States Constitution, with
28  Article I defining the scope of the legislative branch of the federal government and Article III
    establishing the judicial branch of government.

Bankruptcy Code (such as an objection to claim).

For both core and non-core proceedings, the district court may elect to withdraw the reference to allow a United States district court judge, as an Article III judge, to exercise the federal judicial power for which federal court jurisdiction exists pursuant to 28 U.S.C. § 1334(a).

**Allegation of Federal Court Jurisdiction**

In the Complaint, Plaintiff-Debtor alleges federal jurisdiction arising under 28 U.S.C. § 1334, with that jurisdiction being vested in the district courts. Complaint ¶¶ 1, 4. Plaintiff-Debtor further alleges that this matter has been referred to the bankruptcy judges in this District and that this is a core proceeding (for which a bankruptcy judge may exercise federal judicial power without the consent of the parties). Plaintiff does not specifically address what grounds exist under 28 U.S.C. § 157(b)(2) for the various causes of action and matters therein to be a "core proceeding."

**Recommendation**

A review of the various claims asserted discloses that the matters are based on non-bankruptcy federal and state law. Some of the allegations relate to documents and arguments presented in the bankruptcy court and rulings of the bankruptcy judges, but those documents and proceedings relate to matters that did not arise in the bankruptcy case. While filed in bankruptcy court, the claims appear to be significantly comprised of matters which would be adjudicated in federal court (to the extent that non-bankruptcy § 1334 federal jurisdiction exists) or in the appropriate state court of general jurisdiction. The claims relating to "bankruptcy fraud" and "false oaths and claims" are stated in the context of the federal criminal statutes, not Bankruptcy Code provisions. There do not appear to be any allegations indicating that the adjudication of the claims asserted herein involve the ongoing administration of the bankruptcy estate.

The district court may withdraw, in whole or part, any referrals of bankruptcy matters made to bankruptcy judges. 28 U.S.C. § 157(d). The withdrawal may be made by the district court on its own motion or timely motion of any party for "cause shown." *Id.*

In light of the demands for relief relating to matters which occurred outside of the bankruptcy court proceedings and not arising under Title 11, it is submitted to the District Court that cause exists to withdrawal the referral of Adversary Proceeding 16-01107. The full exercise of the Article III

1  federal judicial power will be required to adjudicate the various state law and federal non-bankruptcy

2  law claims, rights, and interests asserted by Plaintiff-Debtor.   Additionally, the exercise of the

3  Article III federal judicial power will be required to make a determination of the ownership rights

4  and interests for those related to matters which do not arise under the Bankruptcy Code nor arise in

5  the Plaintiff-Debtor's Chapter 7 case.

6          It is therefore recommended that the referral of *Salma Agha-Khan, M.D. v. Bank of America,*

7  *et al.*, Bankr. E.D. Cal. No. 16-01107, to the bankruptcy judges in this District be withdrawn and the

8  Adversary Proceeding be assigned to an Article III district court judge.

9  Dated: January 4, 2017

10

11                                          RONALD H. SARGIS, Chief Judge

12                                          United States Bankruptcy Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ADDENDUM A
# Copy of Plaintiff's Complaint filed in Adversary Proceeding 16-01107 (Exhibits to Complaint Not Included in Addendum A)

**FILED**

DEC 15 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

SALMA AGHA-KHAN, M.D.
3751 Motor Ave # 34727
Los Angeles, California 90034
Telephone: (949) 332-0330
email: salmahagha@aol.com
Plaintiff in Propria Persona

TJOF

$0.00

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, BAKERSFIELD DIVISION

In Re: SALMA H. AGHA,

            Debtor,

SALMA AGHA-KHAN, MD.,

                **Plaintiff,**
vs.

Bank of America, a national bank, and a California business entity;  BAC Home Loans Servicing, LP , a California business entity; Citibank NA., a bank doing business in US; Citimortgage;  a US Banking and Lending entity, subsidiary of Citibank, NA;  Citicorp owns Citibank, NA. a business in US, form unknown; Citigroup Inc., owns Citicorp, a publicly traded corporation; CR Title Services, Inc. a US Banking and Lending entity, subsidiary of Citibank, NA; GMAC Mortgage, LLC, a US banking and lending entity; OCWEN Financial Corp., that took over GMAC Mortgage LLC loans; Aurora Loan Services Inc. , a defunct Delaware Corporation; Routh Crabtree Olsen, P.S., a law firm in California;   Edward T. Weber, an individual and attorney at Routh Crabtree Olsen, P.S; Brett P. Ryan, an individual and attorney at

**Case No: 10-16183**

**Adv No:** 16 – 01107

## COMPLAINT FOR

1. **BANKRUPTCY FRAUD 18 USC 157:**
2. **MAKING OF FALSE OATHS 18 USC 152;**
3. **FRAUD;**
4. **VIOLATIONS OF DEBTOR'S RIGHTS 42 USC    1982; 42 USC 1983;**
5. **VIOLATION OF DUE PROCESSCLAUSE OF US CONSTITUTION, NEVADA STATE CONSTITUTION, CALIFORNIA STATE CONSTITUTION; LACK OF NOTICE;**
6. **NEGLIGENCE;**
7. **CONVERSION;**
8. **TRESPASS TO CHATTEL;**
9. **DEFAMATION;**
10. **FALSE LIGHT;**
11. **SLANDER OF TITLE AND QUIET TITLE;**
12. **VIOLATION OF NEVADA REVISED STATUTES;**
13. **VIOLATION OF CALIFORNIA STATUTES;**

Routh Crabtree Olsen, P.S; Jonathan J. Damen an individual and attorney at Routh Crabtree Olsen, P.S; McCarthy & Holthus, LLP, a law firm in California;   JaVonne M. Phillips, an individual and attorney at McCarthy & Holthus, LLP; Mishaela J. Graves, an individual and attorney at McCarthy & Holthus, LLP; Pite Duncan, LP., a law firm in California; Eddie R. Jimenez, an individual and attorney at Pite Duncan, LP; Brian A. Paino, an individual and attorney at Pite Duncan, LP; Travis Nurse, an individual and employee of Citimortgage Inc; Wolfe & Wyman, LLP, a law firm in California; Andrew A. Bao, an individual and attorney at Wolfe & Wyman, LLP; Megan S. Tom, an individual and attorney at Wolfe & Wyman, LLP; Heather S. Kim, an individual and attorney at Wolfe & Wyman, LLP; Judge Fredrick E. Clement, an individual and US Bankruptcy Judge; Judge W. Richard Lee an individual and US Bankruptcy Judge; Bruce Breitman, an individual, an attorney, a real estate agent and broker, and principal of BBG Ltd; BBG LTD, a California corporation; David Chandler, Sr., aka David Chandler, aka David N. Chandler, an individual, an attorney at law and principal at David N. Chandler, PC; David N. Chandler, Jr., aka David Chandler, aka. David N. Chandler an individual, an attorney at law and principal at David N. Chandler, PC;  David N. Chandler, PC aka. Law Offices of David Chandler, a California law firm; and Does 1 through 100 inclusive

**14. VIOLATION OF NRS AND CALIFORNIA BUSINESS AND PROFESSIONS CODE;**
**15. VIOLATION OF  FCRA, FERA,  TILA 18 USC 1002 AND 18USC 1028**


**Demand for Jury Trial**

**Judge: HON. W. RICHARD LEE (also Defendant in same case)**

**Defendants.**

# I.  JURISDICTION

1.     28 U.S.C. §1334  provides that "District Courts shall have original and exclusive jurisdiction of all cases under title 11" (28 U.S.C. §1334(a)), and that "District Courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" (28 U.S.C. §1334(b)). In re Combustion Engineering, Inc., 391 F.3d 190, 225 (3d Cir. 2004). Further, 28 U.S.C. §157(a) permits District Courts to refer most matters to the Bankruptcy Courts.

2.     Thus, Bankruptcy Court jurisdiction extends potentially to: (i) cases under title 11; (ii) proceedings arising under title 11; (iii) proceedings arising in a case under title 11; and (iv) proceedings related to a case under title 11.15 Combustion Engineering, 391 F.3d at 225.

3.     Pursuant to Federal Rules of Bankruptcy Procedure 7008 which is stated herein as follows:

(a) Applicability of Rule 8 F.R.Civ.P. Rule 8 F.R.Civ.P. applies in adversary proceedings. The allegation of jurisdiction required by Rule 8(a) shall also contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates and to the district and division where the case under the Code is pending. In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge.

(b) Attorney's Fees. A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate;

4.     Plaintiff Debtor alleges Jurisdiction is met by 28 USC 1334.

5.     This is an adversary proceeding in bankruptcy brought by Salma Agha, the debtor in this case, pursuant to US statutes; and California and Nevada Statutes.

6.     Plaintiff is the debtor, in the underlying action, and an individual residing in the State of California, and is a citizen of the United States of America, and therefore is entitled to bring this action.

7.     This is the district were Plaintiff's bankruptcy case is pending, therefore, this is the appropriate district to bring this adversary proceeding, pursuant to U.S. Bankruptcy Rule 7003.

8.     Plaintiff is the Debtor in this bankruptcy proceeding.

9.     Plaintiff filed a voluntary Chapter 7 bankruptcy on May 30th,2010. This case was discharged on September 23rd, 2010, and Plaintiff has an action pending to determine that was illegally reopened on September 18th, 2012, lacking jurisdiction.  Notice was sent to all creditors that a dividend may be possible, after the case was reopened.  The case is presently still pending in the Ninth Circuit.

10.     11 USC 157 provides that bankruptcy judges may hear and determine all cases arising under title 11 and any proceedings arising under title 11, and all core proceedings arising in title 11, or in a case under title.

11.     This is a core proceeding, under 11 USC 157(b)(2)(o), which lists core proceedings as including "other proceedings affecting the liquidation of the assets of the estate  and/or the adjustment of the debtor-creditor or the equity security holder relationship".

## II. PARTIES

12.     Plaintiff, Salma Agha-Khan, MD is a medical doctor, a single mother of two sons, and is a minority colored woman of Pakistani descent, is and during all times material hereto, has been an individual residing in both Los Angeles County, State of California, and in Kern County, State of California.

13.     Defendant, Bank of America, N.A., ("BOA") is and was at all times mentioned a US Banking entity, having offices in California, deliberately, knowingly and fraudulently claimed to be Creditor in this Court in Plaintiff's bankruptcy.

14.   Defendant Citibank, NA., ("Citi") is a banking concern that owns Defendants Citimortgage, CR Title Services, Inc deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

15.   Defendant Citicorp ("Citicorp") owns Defendant Citibank, NA., a US banking concern, deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

16.   Defendant Citigroup, Inc., ("Citigroup) is owner of Defendant Citicorp., a publicly traded company deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

17.   Defendant  Citimortgage, Inc. ("CMI") is a subsidiary of Defendant Citibank, NA, a US banking and lending entity, with branches all over the United States, deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

18.   Defendant CR Title Services, Inc., ("CRT") is a subsidiary of Defendant Citibank, NA, a US banking and lending entity that deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

19.      Defendant  Pite Duncan, LLP., ("Pite") are at all times mentioned herein,  on information and belief, a law firm comprising of attorneys duly licensed in the state of California, who represented CR Title Services, deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

20. Defendant Eddie R. Jimenez ("Jimenez") is an attorney from Defendant Pite Duncan, LLP., who at all times mentioned herein,  on information and belief, is duly licensed in the state of California, who represented CR Title Services, deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

21.  Defendant Brian A. Paino ("Paino") is an attorney from Defendant  Pite Duncan, LLP., who at all times mentioned herein,  on information and belief, is duly licensed in the state of California, who represented CR Title Services, deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

22.   Defendants Wolf & Wyman, LLP., ("Wolf") at all times mentioned is a law firm, and  on information and belief, comprises of attorneys duly licensed in the state of California, who represented Citi et. al., deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

23.   Defendant Megan S. Tom ("Tom") is an attorney from Wolf & Wyman, LLP., who at all times mentioned herein,  on information and belief, is duly licensed in the state of California, who represented Defendant Citimortgage, Inc., deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

24.   Defendant Heather S. Kim ("Kim") is an attorney from Wolf & Wyman, LLP., who at all times mentioned herein,  on information and belief, is duly licensed in the state of California, who represented Defendant Citimortgage, Inc., deliberately and knowingly appeared before this Court and submitted

fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

25.    Defendant Andrew A. Bao ("Bao"), is an attorney from Wolf & Wyman, LLP., who at all times mentioned herein,  on information and belief, is duly licensed in the state of California, who represented Defendant Citimortgage, Inc., deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

26.    Defendant Travis Nurse, ("Nurse") is an employee of defendant Citimortgage Inc., as Business Operations Analyst gave Declaration deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy, submitting forged Title documents.

27.    Defendant GMAC Mortgage LLC, a business entity ,   ("GMAC") is and at all times mentioned, a lender, and who also was during this period, a debtor in US Bankruptcy, and who on information and belief, had offices throughout the United States, deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy.

28.    Defendant Routh Crabtree Olsen, P.S., ("RCO"), at all times mentioned is a law firm, and  on information and belief, comprises of attorneys duly licensed in the state of California, who represented GMAC deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy.

29.    Defendant Edward T. Weber ("Weber"), is an attorney from Routh Crabtree Olsen, P.S., who at all times mentioned herein,  on information and belief, is duly licensed in the state of California, who represented Defendant GMAC. deliberately and knowingly appeared before this Court

and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy.

30.    Defendant Brett P. Ryan ("Ryan"), is an attorney from Routh Crabtree Olsen, P.S., who at all times mentioned herein, on information and belief, is duly licensed in the state of California, who represented Defendant GMAC. deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy.

31.    Defendant Jonathan J. Damen ("Damen"), is an attorney from Routh Crabtree Olsen, P.S., who at all times mentioned herein, on information and belief, is duly licensed in the state of California, who represented Defendant GMAC deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy.

32. Defendant OCWEN Financial Corp., acquired Defendant GMAC's home loans and thus liabilities related to their actions pertaining to the loans exists in US with branches in several stats.

33. Defendant Aurora Loan Services LLC., ("Aurora"), is a surrendered Delaware Corporation, unable to conduct business in California at all times mentioned herein, deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy.

34.    Defendant McCarthy & Holthus, LLP., ("MH"), at all times mentioned is a law firm, and on information and belief, comprises of attorneys duly licensed in the state of California, who represented Defendant Aurora Loan Services LLC deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief, so as to obtain Relief, in Plaintiff's bankruptcy.

35.    Defendant JaVonne M. Phillips ("Phillips"), is an attorney from

McCarthy & Holthus, LLP., who at all times mentioned herein, on information and belief, is duly licensed in the state of California, who represented Defendant Aurora Loan Services LLC deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief to obtain Relief, in Plaintiff's bankruptcy.

36. Defendant Mishaela J. Graves ("Graves"), is an attorney from McCarthy & Holthus, LLP., who at all times mentioned herein, on information and belief, is duly licensed in the state of California, who represented Defendant Aurora Loan Services LLC deliberately and knowingly appeared before this Court and submitted fraudulent request for Relief to obtain Relief, in Plaintiff's bankruptcy.

37. Defendant BAC Home Loan Servicing LP., ("BAC") is a subsidiary of Defendant Bank of America that collected fraudulent mortgage from Plaintiff and enrolled her into fraudulent loan modification for a loan that did not exist.

38. Defendant, Bruce Breitman ("Breitman"), is an individual, believed to be residing in the San Francisco area, State of California believed to be a licensed California Attorney and is also named in that capacity, as well as he is believed to be a licensed California Real Estate Agent and or Broker and in also named in that capacity and owner of BBG Ltd and is also named in that capacity who fraudulently claimed to be a Creditor in Plaintiff's Bankruptcy after defrauding her.

39. Defendant BBG, Ltd., ("BBG") is a California Corporation believed to be the alter ego of Defendant Bruce Breitman that was fraudulently claimed to be the entity Plaintiff owed money to for a fraudulent business transaction.

40. Defendant David N. Chandler Sr., ("ChandlerSr") is an individual and believed to be a licensed California attorney; also known as  David N.

Chandler, an individual and an attorney; also known as David Chandler, David N. Chandler represented Defendant Breitman and a longtime friend of Defendant Judge Clement responsible for fraudulently enrolling his Clients Defendants Breitman and BBG Ltd as Creditors in Plaintiff's Bankruptcy

41.    Defendant David N. Chandler Jr., ("ChandlerJr") is an individual and believed to be a licensed California attorney; also known as  David N. Chandler, an individual and an attorney; also known as David Chandler, David N. Chandler represented Defendant Breitman and a longtime friend of Defendant Judge Clement responsible for fraudulently enrolling his Clients Defendants Breitman and BBG Ltd as Creditors in Plaintiff's Bankruptcy

42.    Defendant David N. Chandler, PC., ("ChandlerPC") aka. Law Office of David Chandler, is a law firm, believed to be a California Professional Legal Corporation owned by Defendant David Chandler responsible for fraudulently enrolling his Client s Defendants Breitman and BBG Ltd as Creditors in Plaintiff's Bankruptcy.

43.    Defendant Judge Fredrick E. Clement ("Clement"), US Bankruptcy Judge on the case who deliberately, knowingly and intentionally allowed fraud, forged documents and filings to be presented to this Court in Plaintiff's bankruptcy.

44.    Defendant Judge W. Richard Lee ("Lee"), US Bankruptcy Judge on the case who deliberately, knowingly and intentionally allowed fraud, forged documents and filings to be presented to this Court in Plaintiff's bankruptcy refusing to Default defendants in a related case to fraudulently dismiss that complaint, fraudulently not allowing notice of appeal to be filed shunting it into a wrong district, under wrong case number,, with wrong case title.

45.    All the acts complained of and alleged herein occurred in the County of Los Angeles, County of Kern, State of California, and in Clark County State of Nevada,  at the various places as alleged.

46.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 100, inclusive, and therefore sue said

defendants by said fictitious names.    Plaintiff will amend this complaint to state said defendants' true names and capacities when the same have been ascertained.

47.    Upon information and belief, at all times mentioned herein the Doe defendants, and each of them, were the alter egos, agents, servants, partners, transferees of any type, successors–in–interests, and/or employees of the named defendants and of one another.   Said defendants aided and abetted or participated with the named defendants and with each other in the  wrongful  acts and course of conduct complained of herein, or otherwise caused the damages sought herein and are responsible for the acts, occurrences, and events alleged in this complaint.   In doing the things herein alleged, they were acting within the scope of their authority and with the permission and consent of the named defendants and of each other, and said acts, and each of them, have been ratified and consented to by each of the defendants.

## III. GENERAL ALLEGATIONS

48.    Plaintiff filed a voluntary Chapter 7 bankruptcy on May 30, 2010.  This case was discharged on September 23, 2010.    Plaintiff has an appeal pending on these incidents

49.    Plaintiff has an action pending against this Court, the original Judge Fredrick Clement and the presiding Judge W. Richard Lee in her action, the Trustee and many others.

50.    This adversary complaint is filed by Plaintiff in the underlying Bankruptcy,  including but not limited to real properties owned by Plaintiff, against creditors known who had no interest in her Properties but fraudulently claimed an interest.

51.    In 2015, Plaintiff retained experts to review, title documents relative to her foreclosures, and reliefs granted/administered through this Court, because Plaintiff has realized and alleged other frauds in her bankruptcy.

These experts have uncovered that Defendants and each of them, as well as their attorneys and agents have not been truthful with this Court, and have filed or caused to be filed false claims and even forged documents, containing many untruths, and have engaged in a scheme to deprive Plaintiff of her property rights under US and state laws.

52.    This action includes the wrongful foreclosure actions resulting from reliefs obtained in this court through filing of false information and even forged documents of Plaintiff's real property titles.

53.    Plaintiff's properties include:

A.  2448 Granada Bluff Court, Las Vegas, Nevada 89135 ("Granada"). The legal description of this property is:

Lot 269, SUMMERLIN VILLAGE 19 – PARCEL "G" PHASE 2  ,  in  the City of Las Vegas, County of Clark, State of Nevada, as shown by Map thereof on file in Book 120 of Plats Page 73, in the Office of the County Recorder of Clark County, Nevada.  APN  164-02-813-040

B.    1967 Cherry Creek Circle, Las Vegas, Nevada, 89135 ("Cherry Creek"). The legal description of the property is:

Parcel I: Lot 9 in Block 6 of Red Rock Country Club at Summerlin Unit 24, as shown by map thereof on file in Book 107 of Plats, Page 71, in the office of the County Recorder of Clark County, Nevada. APN:164-02-218-001

C.    11545 Cantina Terlano Place, Las Vegas Nevada, 89141. ("Cantina11545"). The legal description of the property is as follows:  Lot 10 of Amended Plat of San Sevino West at Southern Highlands. As shown by Map thereof on file in Book 115 of Plats, Page 81, in the office of the County Recorder of Clark County, Nevada. APN: 191-05-217-007

D.  11539 Cantina Terlano Place, Las Vegas Nevada, 89141. ("Cantina11539"). The legal description of the property is as follows:  Lot 9 of Amended Plat of San Sevino West at Southern Highlands. As shown by

Map thereof on file in Book 115 of Plats, Page 81, in the office of the County Recorder of Clark County, Nevada. APN: 191-05-217-006

    E.   11622 Harrington Street, Bakersfield, California 93311. ("Harrington"). The legal description of the property is as follows: Lot 3 of Tract No. 5946, Phase C, in the City of Bakersfield, County of Kern, State of California, as per map recorded March 31, 2000 in Book 45, Page 189 of Maps, in the Office of the County Recorder of Said County. APN: 523-121-03-00-3

54.   The complete extent of the schemes and frauds may still be not known to Plaintiff, and this is an ongoing investigation, which includes other arms of the US Government.

55.   To effectuate their scheme these Defendants and each of them filed and pursued  non-judicial foreclosure documents recorded by Defendants which are fraudulent, containing untrue and fabricated statements, willful omissions of critical information,  including forged title documents, and were  promulgated  through  counterfeit  securities  and/or  assignments instruments which were not made available to Plaintiff, and which defrauded the this Court, the United States Government, including the Securities and Exchange Commission, the state of Nevada and the State of California.

56.   Plaintiff alleges that the non-judicial foreclosure of Plaintiff's homes were wrongful and that Defendants acted "intentionally, fraudulently and in conscious and callous disregard for the rights of Plaintiff.

57.   Plaintiff alleges that Defendants were collecting mortgages from her without having any legal right to do so, enrolled her in loan modification for a loan they legally did not have  all actions pushing her into bankruptcy.

58.   Plaintiff alleges that Defendant became "Creditors" and their representing Counsel in her Bankruptcy by fraudulent mis-representations.

## A.   DEFENDANT BANK OF AMERICA, BAC HOME LOAN SERVICING LP'S BECOMING CREDITORS FRAUDULENTLY

59.   Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

60.   Defendants Bank of America and BAC Home Loan Servicing's conduct concerns Plaintiff's Cantina11545 and Cantina11539 homes.

61.   There is no valid Deed of Trust recorded on these properties under their respective parcel numbers (Exhibits A, B)

62.   These Defendants had been fraudulently collecting mortgage payments from Plaintiff for about $5,000.00 per month, issued Notice of Default when she defaulted, enrolled her in loan modification for a loan that did not exist, even collected $50,000.00 from her for it to record a fraud modification of the non-existing loan without disclosing the facts to her at any time.

63.   Defendants even staged a fraud foreclosure sale of Cantina1139 property causing Plaintiff to get involved in excessive litigations/expenses etc. to clear the titles of her properties.

64.   They are responsible for forcing Plaintiff into filing for Bankruptcy.

65.   Plaintiff is informed and believes that to date these Defendants are trying to claim an interest in her property.

## B. DEFENDANT GMAC, OCWEN AND THEIR DEFENDANT ATTORNEYS FRAUDULENT FILINGS AND RECORDINGS

66.   Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

67.    Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned in this Complaint, Defendant, GMAC MORTGAGE, LLC, a corporation, organized and existing under the laws of the state of Delaware and under the laws of United States, was conducting business in the State of Nevada and claims to be the beneficiary under the deed of trust executed by Plaintiff when no valid recorded assignment of Deed of Trust exists against the parcel number (Exhibit C).

68.    Defendant and its attorneys participated in the unlawful and wrongful foreclosure and subsequent illegal sale of Plaintiff's real property.  GMAC has been in an extended bankruptcy and was bought over by OCWEN. GMAC MORTGAGE, LLC is not a bonafide purchaser of Plaintiff's real property.

69.  Defendant GMAC and their attorneys caused to be filed and recorded multiple fraudulent documents including deliberate omission of facts and truths to fraudulently obtain relief from this Court pertaining to a real property they had no claim to whatsoever. They filed Bk. Doc #53, 54, 55, 56, 58 with fraudulent relief Order gained, Doc #65.

70.    These Defendants had been fraudulently collecting mortgage payments from Plaintiff for about $4,000.00 per month, issued Notice of Default, enrolled her in loan modification for a loan they did not have, to fraudulently foreclose and sell the property during the loan modification process without disclosing the true facts to her at any time.

71.    They are responsible for forcing Plaintiff into filing for Bankruptcy.

## C.    DEFENDANT AURORA AND THEIR ATTORNEYS FRAUDULENT FILINGS AND RECORDINGS

72.    Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

73. Plaintiff purchased the Cherry Creek property by paying the full purchase price cash subsequently getting a mortgage loan for a portion of the price paid from Pacific Community Mortgage Inc. (PCM)

74. Plaintiff was never told that Pacific Community Mortgage had ceased to exist for over ten prior so that no lender by that name exixted and thus Plaintiff had no mortgage (Exhibit D)

75. Also a non-existing entity cannot have any beneficiaries and assignees or assets that it could transfer etc. So that the Deed of Trust was an unenforceable fraud piece of paper that was recorded.

76. Defendants Aurora and its attorneys knew these facts. Yet they fraudulently collected about $5,000.00 in mortgage from Plaintiff, issuing Notice of Default and even enrolled her in a fraud loan modification program for a loan that did not exist.

77. Defendants during loan modification process, foreclsoed and sold the property ilegally to pocket the money.

78. Defendants even defrauded SEC and other agencies as well.

79. Defendant Aurora and its attorneys knew they had no right, title or interest legal or beneficial in the Cherry Creek Property, when it filed documents in Plaintiff's Bankruptcy asking for relied Doc #16, 17, 18, 19, 20, 21 to fraudulently obtain Order for Relief Doc #30..

80. Plaintiff alleges that notwithstanding that she believed she obtained a loan later with Pacific Community Mortgage (PCM)   However that entity did not exist at the time Plaintiff signed a contract with them.  This is a true and correct copy of the status of PCM with the California Secretary of State

| Entity Name: | PACIFIC COMMUNITY MORTGAGE COMPANY |
|---|---|
| Entity Number: | C1670354 |
| Date Filed: | 08/02/1990 |
| Status: | FTB SUSPENDED |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 2608 VAN GOGH DRIVE |

| Entity City, State, Zip: | MODESTO CA 95356 |
|---|---|
| Agent for Service of Process: | DALE F. MURATORE |
| Agent Address: | 2608 VAN GOGH DRIVE |
| Agent City, State, Zip: | MODESTO CA 95356 |

81.   At the time of the recording of the documents Defendant Aurora and its attorneys knew the documents were false and forged, yet they intentionally or recklessly recorded them.

82.   They are responsible for forcing Plaintiff into filing for Bankruptcy.

## D.  DEFENDANT CITIMORTGAGE AND THEIR ATTORNEYS FRAUDULENT FILINGS AND RECORDINGS

83.   Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

84.   Defendant Citi et. al.'s conduct and fraudulent and falsified forged documents submitted to this court concern her Harrington property.   This is the home where  Plaintiff and her two sons had resided from January 2003 till at the June 2013 when she was illegally locked out of her home by these Defendants so they could steal her invaluable properties and illegally cash in on her quiet title property.

85.   Defendant Citi et. al. had no valid claim on this property as there is no recorded valid, enforceable Assignment of Deed of Trust on this property.

86.   Defendant Citi et. al.  were fraudulently collecting about $5,000.00 as mortgage from Plaintiff till she defaulted. That is when Defendant Citi et. al. recorded the fraudulent Assignment of Deed of Trust, Notice of Default AND Substitution of Trustee SIMULTANEOUSLY, ON THE SAME DAY, March 08, 2010. (Exhibits E, F, G)

87.   Defendant Citi et. la. knew very well that their filed Assignment was forged as it had missed its cut-off date by OVER SIX YEARS.

88.    Defendant Citi et. al. also knew very well that their filed Assignment was forged as the only entity that could have assigned anything into the SASC 2003-18XS was Structured Asset Securities Corp and not Defendants Citi et. al.

89.    Defendant Citi et. al. also knew very well that their claim to MERS nominee was fraud as Structured Asset Securities Corp was not a MERS member and could not have assigned anything to the Defendants using MERS.

90.    Defendant Citi et. al. were listed as secured creditor on Plaintiff's voluntary Chapter 7 bankruptcy.

91.    At no time during the administration of the Chapter 7 Bankruptcy did Defendant Citi et. al. file a claim or seek other relief from stay to pursue any action against Plaintiff's Harrington Home. (Exhibit H)

92.    Defendant Citi et. al. did not seek to foreclose on the supposed security and the note, because of all the facts listed above Defendants Citi et. al. knew they had no legal or beneficial  right to the title or had any interest in the property to do so.

93.    Defendant Citi et. al.'s fraudulent claim to being a Creditor in plaintiff's Bankruptcy in lieu of their fraudulent claim to the note was thus discharged when the Bankruptcy was discharge on September 23, 2010.

94.    Yet Defendants Citi et. al. continued to illegally lay a claim on the property enrolling Plaintiff in a loan modification program for a loan they had no right to collect anything on.

95.    Defendants Citi et. al. kept Plaintiff fraudulently in their loan modification program for about two years, an extended modification negotiation to "bate and switch" her that Plaintiff entered into in good faith negotiation, providing documents, calling, emailing, faxing them through a third party and added cost believing that Defendant Citi et. al. had the right to modify her loan.

96. Defendant Citi et. al. fraudulently approved the modification to keep her

in underwriting for about five months and than because they had no real papers to backup the modification, they stage an illegal foreclosure which is doubly illegal as they did it during the loan modification process.

96.   Defendants Citi et. al. did all of the above in violation of Bankruptcy Protection Laws and the injunction which arises from discharge under 11 U.S. Code § 524; and the Fair Debt Collection Act, The Fair Debt Collection Practices Act, 42 U.S.C. section 1692 – not to mention fraud, forgery and other criminal acts they committed. (Exhibit J, K)

97.   Defendant Citi et. al. knowing they were committing frauds and criminal actions than illegally sold the property to Wilmington Trust Company (Wilmington) that was undergoing criminal investigation at that time. And its principals were later indicted. (Exhibit I)

98.   This sale was fraud in itself as Plaintiff's was told by the FBI Officer in-charge of Wilmington's criminal investigation that there was no way Wilmington could have entered into any agreements at that time.

99.   Defendant Citi et. al. posing as Wilmington pursued an illegal Unlawful Detainer action on behalf on Wilmington in Kern County Superior Court, while the Bankruptcy was reopened, Automatic Stay existed, their fraud debt had been discharged in 2010.

100. Defendant Citi et. al. proceeded to do an illegal lock-out on Plaintiff's residence, broke-in, vandalized, trespassed and illegally removed all of Plaintiff's belongings from her home and attaching of list to items removed for their fraudulent motion asking for relief from stay Bk. Adv. Doc #105, 106, 107, 108, 109 filed August 04, 2014 (Exhibit J, K). This is AFTER Defendant  Citi et. al. had SOLD the property to Wilmington.

101. Defendant Citi et. al. enlisted Re/Max to try and illegally sell the property none of them owned. Re/Max et. al. keep putting the property on the market and than taking it off knowing full well that there case pending with lis-pendens on file and they have no right to do so.

102. Defendant Citi et. al. to justify their illegal claim on the Harrington

property have filed multiple motion in the Adversary Case 13-01086 with increasing amounts of forgeries/alterations of documents submitted with the same motion they were filing over and over again. Bk Adv 13-01086 Doc #9, 10, 11, 12, 17, 18, 19, 20, 21, 22, 123, 124, 125, 126, 134, 135, 136, 137, 138, 139, 140 (Exhibit L compared to Exhibits E, F, G)

103. Defendant Citi et. el. Even though they had illegally sold the property in May 2012 to Wilmington are illegally holding on to the property and to Plaintiff's belongings to this day.

104. It is because of these actions of Defendant Citi et. al. that Plaintiff was forced into Bankruptcy.

### E. DEFENDANT BRUCE BREITMAN AND BBG, LTD. AND THEIR ATTORNEYS FROM LAW OFFICES OF DAVID CHANDLER, PC FRAUDULENT FILINGS AND RECORDINGS

105. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

106. Defendants Breitman and BBG had defrauded the Plaintiff in her attempt to purchase a business in San Francisco from Defendants close friends/family members.

107. Defendants Breitman and BBG signed an exclusive representation agreement with her not disclosing to her that sellers of that business were his close friends/family and they had been doing business together for a long time. Defendants were thus Undisclosed Double Agents.

108. Defendants also did not disclose to the Plaintiff that Seller's of that business had recently defrauded an innocent buyer before the Plaintiff and that case was pending in San Francisco Superior Court. Later that buyer was awarded almost $700,000.00 in judgement.

109. Plaintiff had disclosed all the above facts to the Trustee, listed in Creditors meetings transcripts along with her Vodka From Around the

World, LLC's documents that were handed to the Trustee on record so he may try to recover the LLC's $50,000.00 in businesses escrow account.

110. Thus when Plaintiff discovered these facts she filed a lawsuit against Defendants Breitman and BBG ltd which she was sure to million when considering the precedence case till Defendants hired Defendant Judge Clement's friends Defendant Chandler et. al. as they had practice Bankruptcy in Redding area together for over 20 years.

111. Defendant Chandler et. al. have admitted to this relationship but Defendant Judge Clement has yet to admit this relationship even though the entire reopening of Plaintiff's Bankruptcy is fraught with lies, document alterations, conflicts-of-interest, hiding of true nature of hearings, hiding of documents/filings, alteration of filings etc.

112. Defendant Judge Clement helped his friend out by illegally reopening Plaintiff's Bankruptcy lacking jurisdiction to lie and state that previously abandoned LLC and lawsuit were not disclosed and they are now property of the estate to be sold to his friends clients for $15,000.00 instead of the multimillion dollar judgement the case would have gotten.

113. Needless to say that the LLC never changed ownership and has remained in Plaintiff's name further proving that these Defendants used public resources, Bankruptcy Court for their own criminal personal gains.

114. Defendant Judge Clement to justify his all his illegal, corrupt actions even claimed his friends Clients Creditors in Plaintiff's Bankruptcy when all they did was defraud the Plaintiff. Bk Doc #93, 94, 95, 84. He even invited his friend to give an opinion on the case when he was not a duly admitted witness, expert or any person of any significance in the case (See Transcript of hearing January 23, 2013)

115. Once Plaintiff realized the connection between Defendants and started filing Motions against their illegal actions Defendants Breitman were fraudulently named as Creditor's in Plaintiff's Bankruptcy without Plaintiff owing them a penny for the way they had defrauded her causing her to

loose hundreds and thousands of dollars for a business that was designed to steal from unsuspecting innocent people.

116.    Plaintiff's than attorney did complain but Defendant Judge Clement and his friend simply ridiculed the Plaintiff on record ignoring the complaint and protest.

117. Plaintiff was forced into Bankruptcy because of these Defendants actions.

### F. DEFENDANTS JUDGE CLEMENT AND JUDGE W. RICHARD LEE

118.  Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

119.    Defendant Judge Clement took his personal bias against the Plaintiff even further by deciding to run her out of town. This was accomplished by his helping Defendants Citi et. al. with their fraud claim n Plaintiff's home.

120.  Defendant Judge Clement while stating that Automatic Stay of Bankruptcy existed Bk. Adv. 13-01086 Doc #110  denying Defendant Citi et. al's Motion for relief simply ignored the attached list of items these Defendants had illegally removed from Plaintiff's home by breaking-in, vandalizing and trespassing. (Exhibit K, L)

121.  Defendant Judge Clement had placed a stay on Bankruptcy proceedings pending resolution of misconduct complaint filed against him. Bk Doc #118, 119 and Bk. Adv. Doc #28, 29.

122.  During the hearing held on February 12, 2014 Defendant Judge Clement denies Plaintiff's Motion for his recusal by lifting the stay but also refuses to allow Plaintiff' s home and her belonging to be returned to her as he found that "balance of equities did not favor the Debtor" as "she had a new residence"! (See Transcript of Hearing Bk. Adv. 13-01086 Doc # 82)

123. Defendant Judge Clement thus committed Bankruptcy fraud as well as Mortgage Fraud by refusing to acknowledge Plaintiff's ownership and lack of Defendant Citi et. al.'s ownership of that property.

124. Defendant Judge Lee despite actively defending himself in related case for about two years now has still managed to preside over this case to further the illegal actions of his friend Defendant Judge Clement – so hopefully they will be enjoying the same cell in the prison together soon.

125. Defendant Judge Lee also covered up the fact that the debt/note even if it was valid had been discharged in Bankruptcy in 2010. He also covered up all the facts presented to him in the form of Title Chain records to deny the Plaintiff her home and her belongings and even refusing to Default Wilmington. Plaintiff Notice of Appeal and Statement of Issues is missing from the Docket to this day (Exhibit N, O, P)

126. Defendant Judge Lee DISMISSED Plaintiff's complaint against Citi et. Al. for violation of Automatic Stay, Bk. Adv. 13-01086, against all Defendants, including Defaulting Defendants which he later refused to Default acting as BOTH JUDGE AND PLAINTIFF IN THE SAME CASE! (Bk. Adv. 13-01086 Doc #264, 267, 274, 275) (Exhibit M)

127. Plaintiff has suffered enormously and is suffering to this day because f the ruthless, criminal actions of these corrupt judges.

## IV. FIRST  CAUSE OF ACTION - VIOLATION OF 18 USC §157 BANKRUPTCY FRAUD AGAINST ALL DEFENDANTS

128. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

129. In doing the acts heretofore alleged Defendants, and each of them violated **18 USC § 157 – BANKRUPTCY FRAUD**

130. **18 U.S. Code § 157** provides as follows:

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so -

(1) files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;

(2) files a document in a proceeding under title 11; or

(3)makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title, shall be fined under this title, imprisoned not more than 5 years, or both.

131. Plaintiff-Debtor is the victim of bankruptcy fraud, with VIOLATION OF 18 USC § 157 by virtue of the violations of Title 11 as plead previously, committed by all Defendants herein and has been gravely harmed.

132. On each and every occasion, as heretofore plead, Defendants and each of them, made false and fraudulent representations and claims in the Plaintiff's bankruptcy, intentionally or recklessly, and without proper investigation of the true facts.

133. On each and every occasion, as heretofore plead, Defendants and each of them, made false and fraudulent representations, even forging Title documents and hiding critical facts, claiming an interest in Plaintiff's properties, that they did not legally or beneficially have.

134. Plaintiff alleges that all the Defendants had no rights title or interest in Plaintiff's properties, yet they intentionally or recklessly recorded or caused to be recorded, forgeries, frauds and documents that were not truthful, real, original or conformed true and correct copies.

135. In addition to the violations of the US Bankruptcy Laws these Defendants violated both the California Statutes and the Nevada Revised Statutes.

136. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from

her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

137. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## V. SECOND CAUSE OF ACTION
## VIOLATION OF 18 USC §152 MAKING OF FALSE OATHS
## AGAINST ALL DEFENDANTS

138. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

139. In doing the acts heretofore alleged Defendants, and each of them violated **18 USC § 152  - CONCEALMENT OF ASSETS, FALSE OATHS, CLAIMS AND BRIBERY**

140. **18 U.S. Code § 152** provides as follows:

A person who -

(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;

(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;

(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;

(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;

(5) intentionally omitted

(6) knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in any case under title 11;

(7) in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;

(8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records) and papers relating to the property or financial affairs of a debtor; or

(9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor, shall be fined under this title, imprisoned not more than 5 years, or both.

141. On each and every occasion, as heretofore plead, Defendants and each of them, made false and fraudulent representations and claims in the

Plaintiff's bankruptcy, intentionally or recklessly, and concealing the proper true facts.

142.  On each and every occasion, as heretofore plead, Defendants and each of them, made false and fraudulent representations claiming an interest in Plaintiff's properties, that they did not legally and or beneficially have.

143.  Plaintiff alleges that all the Defendants had no rights title or interest in Plaintiff's properties, yet they intentionally or recklessly recorded or caused to be recorded, forgeries, frauds and documents that were not truthful, real, original or conformed true and correct copies while concealing the true facts.

144.  In addition to the violations of the US Bankruptcy Laws these Defendants violated both the California Statutes and the Nevada Revised Statutes as well as Federal Statutes and Judicial Canons.

145.  As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

146.  Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

# VI. THIRD  CAUSE OF ACTION
## FOR FRAUD AGAINST ALL DEFENDANTS

147. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

148. In doing the acts heretofore alleged Defendants, Plaintiff alleges that each and every Defendant, intended to misrepresent, and did misrepresent, certain facts to Plaintiff, the recorders in the States of Nevada and California, the entire world wide web, and the state courts, Bankruptcy Court, as well as the local Bakersfield Unlawful Detainer Court.

149. Plaintiff alleges that each and every Defendant represented than an important fact about her and her property, was true, when in fact it was false.

150. Plaintiff alleges that each and every Defendant knew that the representations were false when they made them, or that they made the representation recklessly and without regard for its truth hiding the facts deliberately.

151. Plaintiff alleges that each and every Defendant intended that Plaintiff, the states of Nevada and California, the Courts, and the entire world rely on their misrepresentation.

152. Plaintiff reasonably relied upon each and every Defendant's representation, and was harmed in doing so. The harm is continuing to this day.

153. Plaintiff alleges that her reliance upon each and every Defendant's representation, was a substantial factor in causing her harm.

154. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property

not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

155.  Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## VII. FOURTH CAUSE OF ACTION FOR VIOLATIONS OF 42 USC 1982,  VIOLATION OF PLAINTIFF DEBTOR'S PROPERTY RIGHTS; AND VIOLATIONS OF 42 USC 1983 DEPRIVATION OF PLAINTIFF RIGHTS AGAINST ALL DEFENDANTS

156.  Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

157. In  doing  the  acts  heretofore  alleged  Defendants,  acted  as governmental entities, in non-judicial foreclosure states,  and each of them violated 42 USC 1982, the property rights of Plaintiff Salma Agha- Khan, MD, a single mother of two, a woman of color, and of Pakistani descent.

158.  Plaintiff alleges that in foreclosing in a non-judicial foreclosure states, Nevada and California  Defendants who foreclosed, or otherwise caused to be recorded and filed false and forged documents,  held themselves out to the world, as committing a state action against Plaintiff.

159.  Inasmuch as Defendants have performed and committed "judicial acts" and are entrusted with performing them legally, Plaintiff alleges that Defendants are liable for the deprivation of her  rights caused by the use of otherwise known judicial acts,  their permission to act judicially.

160.  **42 USC 1982** provides as follows:

**42 U.S. Code § 1982 – PROPERTY RIGHTS OF CITIZENS:** All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell,  hold, and convey real and personal property.

161. Plaintiff is the victim of violation of 42 USC 1982 by virtue of the violations of statutes as plead previously, committed by all foreclosing Defendants and other knowingly and deliberately participating in the acts detailed herein and has been harmed.

162.  Plaintiff's damages are accruing daily.

163. In doing the acts heretofore alleged Defendants, and each of them violated 42 USC 1983, by depriving Plaintiff, Salma Agha- Khan, MD, a single mother of two, a woman of color, and of Pakistani descent, her rights.  No remedy was available to her because she did not know of the acts and omissions which give rise to these allegations at the time they were committed.

164. **42 USC 1983** provides as follows: **CIVIL ACTION FOR DEPRIVATION OF RIGHTS** - Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

165.  Plaintiff alleges herein that Defendants in doing the actions herein complained of, conducted themselves in taking state actions, in non-judicial foreclosure states, California and Nevada.  As such Plaintiff alleges their conduct, mirrored court action, but because the laws in these states do not require court actions,  such actions taken by Defendants was state action against Plaintiff to deprive her of her rights and property.

166.   Plaintiff is the victim of violation of 42 USC 1983 by virtue of the violations of this and other US STATUTES violated as plead  previously and subsequently , committed by all Defendants herein.

167. Plaintiff and has been harmed in many ways and the harm is continuing to this day.

168. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

169. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## VIII. FIFTH CAUSE OF ACTION

## VIOLATIONS OF DUE PROCESS CLAUSE OF US CONSTITUTION, NEVADA STATE CONSTITUTION, CALIFORNIA STATE CONSTITUTION, LACK OF NOTICE AGAINST ALL DEFENDANTS

170. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

171. In doing the acts heretofore alleged, the Defendants, and each of them violated 42 USC 1982, the property rights of Plaintiff Salma Agha-Khan, MD, a single mother of two, a woman of color, and of Pakistani descent.

172. The California Constitution provides:

**CALIFORNIA CONSTITUTION: ARTICLE 1  DECLARATION OF RIGHTS**

**SECTION 1.**   All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

**SECTION 7.  (a)** A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws;

173. The **NEVADA  CONSTITUTION** also provides: **INALIENABLE RIGHTS:** All men are by Nature free and equal and have certain inalienable rights among which are those of enjoying and defending life and liberty; Acquiring, Possessing and Protecting property and pursuing and obtaining safety and happiness.

174. Plaintiff alleges that in foreclosing in a non-judicial foreclosure states, Nevada can California, Defendants who recorded false and forged documents, and caused to be filed false and forged documents, and untruths in Plaintiff's bankruptcy,   held themselves out as committing a state action against the Plaintiff.

175.  In as much as Defendants have performed and committed "judicial acts" and are entrusted with performing them legally, Plaintiff alleges that Defendants are liable for the deprivation of her rights caused by the use of otherwise known judicial acts, their permission to act judicially.

176.  Plaintiff had no notice of her rights in her properties.   Plaintiff was defrauded and the victim of crimes, as were the states of Nevada and California and the US and Local courts.

177.  Plaintiff   was   denied   her   US   Constitutional   and   her   Nevada Constitutional rights as well as her California Constitutional rights to notice, and therefore was deprived her substantive and procedural due process.

178.  Plaintiff was damaged by conduct of Defendants in denying her notice.

179.  As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

180.  Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## IX. SIXTH CAUSE OF ACTION FOR NEGLIGENCE
## AGAINST ALL DEFENDANTS

181. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

182. To bring a negligence claim , a plaintiff must show that (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the actual and proximate cause of plaintiff's injuries; and (4) plaintiff was injured.

183.  Plaintiff alleges that each and every lender and bank, as well as their attorneys, and Judges had a duty to the Plaintiff to ensure that any party instructing it to conduct a foreclosure sale of the property actually owned and had rights under the note and deed of trust, and that any party making claims and allegations in the US Bankruptcy Court abide by the law, and make true statements.

184.  Plaintiff also alleges that Defendant's  failure to take the appropriate steps to comply with this duty was the actual and proximate cause of damages to Plaintiff.

185.  Plaintiff alleges that all lending and foreclosing Defendants, as well as their attorneys,  presiding Judges violated these statutes as and against an innocent Mother of two sons, and that all statutes plead herein should be equitably tolled in her favor to accomplish justice.

186. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments. 187.  Plaintiff-Debtor's damage total is estimated to be over fifty million US

dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## X. SEVENTH CAUSE OF ACTION

## CONVERSION AGAINST ALL DEFENDANTS

188. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

189.  Defendants through their misrepresentation converted her high-end properties, illegally selling some of them to pocket the monies generated through the sales preventing Plaintiff from enjoying the rents from these properties and also monies from the sale of these properties if she chose to sell them.

190.  Defendants specially Citi et. al. converted her personal possessions in her primary residence on Harrington where she also owned business, intellectual, professional and personal property contained in her Harrington home that was all illegally removed by the Defendants without any legal claim. Their only motive was HATE and BIAS!

191. Defendants Citi et. al. and their Defendant attorneys of record who also represented the Unlawful Detainer Plaintiffs, Wilmington Trust, a disgraced defunct group of incarcerated criminals, intentionally and substantially interfered with Plaintiff Salma Agha-Khan's property by taking possession of it illegally without her consent blessed by the presiding Judges who acted deliberately and intentionally knowing they were committing non-judicial acts for their own personal benefit.

192.  Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's harm forcing her into Bankruptcy.

193.  As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

194.  Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XI. EIGHTH CAUSE OF ACTION TRESSPASS TO CHATTEL AGAINST DEFENDANTS

195.  Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

196.  Defendants through their misrepresentation converted her high end properties, illegally selling some of them to pocket the monies generated through the sales preventing Plaintiff from enjoying the rents from these properties and also monies from the sale of these properties if she chose to sell them.

197.  Defendants specially Citi et. al. converted her personal possessions in her primary residence on Harrington where she also owned business,

intellectual, professional and personal property contained in her  Harrington home.

198.   Defendants Citimortgage and their attorneys of record intentionally and substantially interfered with Plaintiff Salma Agha-Khan's use and enjoyment and professional use of her  property by taking possession of it without Plaintiff's consent.

199.   Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

200. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

201.  Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XII. NINTH CAUSE OF ACTION
### DEFAMATION AGAINST ALL DEFENDANTS

202. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

203. Defendants and each of them intentionally and recklessly  published false statements about and concerning Plaintiff, individually and as and

against her profession, business and personal reputation, by the recording of false and forged documents and by using and preparing such false and forged documents to get Court orders.

204. Defendants caused to be falsely published that Plaintiff could not afford to pay her mortgage, which was categorically untrue, and that Plaintiff was not able to pay or refused to pay financial obligations which was also categorically untrue.

205. These publications were made recklessly and or intentionally, and under penalty of perjury.

206. There is no privilege for these false and forged publications.

207. These publications have harmed and damaged Plaintiff and the damage and harm is continuing to this day.

207. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

208. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XIII. TENTH CAUSE OF ACTION
## FALSE LIGHT AGAINST ALL DEFENDANTS

209. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

210. By alleging all of the acts and conduct Plaintiff has heretofore alleged, Defendants widely and intentionally or recklessly caused  the publication of false and damaging information which  identifies the Plaintiff; and places the Plaintiff in a "false light" that would be highly offensive to a reasonable person.

211. Plaintiff is a medical doctor, a nuclear radiologist, a resident of both California and Nevada,  in the United States and is a medical doctor in Pakistan.  She is a single mother of two,  of Pakistani descent, and has been harmed and damaged by such false and forged publication.

212. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

213. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XIV. ELEVENTH CAUSE OF ACTION

## SLANDER OF TITLE AND QUIET TITLE AGAINST ALL DEFENDANTS

214. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

215. Defendants and each of them, acted in concert to disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of forged and fraudulent real estates documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed.

216. Plaintiff SALMA AGHA-KHAN, MD., entered into consumer credit transactions with GMAC and BOA and BAC Home Loan Servicing, Citi et. al. and thought she was obtaining mortgage loans or modifications, secured by the DEED'S OF TRUST of Plaintiff's real property (all legal descriptions are contained herein above and below and are incorporated by reference herein.

217. All Defendants named herein fraudulently claim an interest in estate and in the properties adverse to plaintiff's interests in that Defendants assert that they are the owners of the note secured by the deed of trusts to Plaintiff's real properties.

218. Plaintiff alleges that Defendants' claims are without merits whatsoever, and that Defendants have no right, estate, title, lien or interest in or to the properties, or any part of any of the properties.

219. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the properties adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title to the properties.

220.  Plaintiff alleges, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in Plaintiff's real Properties and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's real properties.

221.  Plaintiff request the decree permanently enjoining Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to plaintiffs' title to the properties which was secured by the Deed of Trust and legally described above in this complaint.

222.  Plaintiffs respectfully request the court to award plaintiffs costs of this action, and such other relief as the court may deem proper.

223.  As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

224.  Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XV. TWELVTH CAUSE OF ACTION VIOLATION OF NEVADA REVISED STATUTES AGAINST ALL NEVADA FORECLOSING  DEFENDANTS AND THEIR ATTORNEYS OF RECORD

225.    Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

226.  Plaintiff seeks to enforce the provisions of NRS 645 as follows:

**NRS 645F.420**   Homeowner may bring action to recover damages.

1.   A homeowner who is injured as a result of a person's violation of a provision of NRS 645F.400 may bring an action against the person to recover damages caused by the violation, together with reasonable attorney's fees, legal and other costs.

2.   If the homeowner prevails in the action, the court may award such punitive damages as may be determined by a jury, or by a court sitting without a jury, but in no case may the punitive damages be less than one and one-half times the amount awarded to the homeowner as actual damages.    Plaintiff seeks punitive damages and reconveyance, as to BOA, Bank of America Home Loan Servicing and GMAC.

227.  Plaintiff alleges that Defendants engaged in fraud and deceit.

**NRS 645F.430**   Foreclosure purchasers: Criminal penalty for fraud or deceit against homeowner.   A foreclosure purchaser who engages in any conduct that operates as a fraud or deceit upon a homeowner in connection with a transaction that is subject to the provisions of NRS 645F.300 to 645F.450, inclusive, including, without limitation, a foreclosure reconveyance, is guilty of a gross misdemeanor and shall be punished by imprisonment in the county jail for not more than 364 days, or by a fine of not more than $50,000, or by both fine and imprisonment.

(Added to NRS by 2007, 2857; A 2009, 1461; 2011, 1578; 2013, 992)

228.  Plaintiff seeks rescission.

**NRS 645F.440**  Foreclosure purchasers: Transaction rescinded due to fraud or deceit upon homeowner.

1.  In addition to the penalty provided in NRS 645F.430 and except as otherwise provided in subsection 5, if a foreclosure purchaser engages in any conduct that operates as a fraud or deceit upon a homeowner in connection with a transaction that is subject to the provisions of NRS 645F.300 to 645F.450, inclusive, including, without limitation, a foreclosure reconveyance, the transaction in which the foreclosure purchaser acquired title to the residence in foreclosure may be rescinded by the homeowner within 2 years after the date of the recording of the conveyance.      Plaintiff had no notice of the fraud until very recently. Plaintiff seeks reconveyance.      Plaintiff reasonably relied upon the US Bankrutpcy Court Documents and was not provided any type of Mediation communication nor afforded any documents that were filed with the SEC, or other US Bankrutpcy Courts.

2.  To rescind a transaction pursuant to subsection 1, the homeowner must give written notice to the foreclosure purchaser and a successor in interest to the foreclosure purchaser, if the successor in interest is not a bona fide purchaser, and record that notice with the recorder of the county in which the property is located. The notice of rescission must contain:

(a) The name of the homeowner, the foreclosure purchaser and any successor in interest who holds title to the property; and

(b) A description of the property.

There are FOUR properties in Nevada:

A.  2448 Granada Bluff Court, Las Vegas, Nevada 89135 ("Granada").

The legal description of this property is:

Lot 269, SUMMERLIN VILLAGE 19 – PARCEL "G" PHASE 2  ,  in   the City of Las Vegas, County of Clark, State of Nevada, as shown by Map thereof on file in Book 120 of Plats Page 73, in the Office of the County Recorder of Clark County, Nevada.  APN  164-02-813-040

B.    1967 Cherry Creek Circle, Las Vegas, Nevada, 89135 ("Cherry Creek"). The legal description of the property is:

Parcel I: Lot 9 in Block 6 of Red Rock Country Club at Summerlin Unit 24, as shown by map thereof on file in Book 107 of Plats, Page 71, in the office of the County Recorder of Clark County, Nevada. APN:164-02-218-001

C.    11545 Cantina Terlano Place, Las Vegas Nevada, 89141. ("Cantina11545"). The legal description of the property is as follows:  Lot 10 of Amended Plat of San Sevino West at Southern Highlands. As shown by Map thereof on file in Book 115 of Plats, Page 81, in the office of the County Recorder of Clark County, Nevada. APN: 191-05-217-007

D.  11539 Cantina Terlano Place, Las Vegas Nevada, 89141. ("Cantina11539"). The legal description of the property is as follows:  Lot 9 of Amended Plat of San Sevino West at Southern Highlands. As shown by Map thereof on file in Book 115 of Plats, Page 81, in the office of the County Recorder of Clark County, Nevada. APN: 191-05-217-006

3.   Within 20 days after receiving notice pursuant to subsection 2:

(a) The foreclosure purchaser and the successor in interest, if the successor in interest is not a bona fide purchaser, shall reconvey to the homeowner title to the property free and clear of encumbrances which were created subsequent to the rescinded transaction and

which are due to the actions of the foreclosure purchaser; and

(b) The homeowner shall return to the foreclosure purchaser any consideration received from the foreclosure purchaser in exchange for the property.

4.  If the foreclosure purchaser has not reconveyed to the homeowner title to the property within the period described in subsection 3, the homeowner may bring an action to enforce the rescission in the district court of the county in which the property is located.

5.  A transaction may not be rescinded pursuant to this section if the foreclosure purchaser has transferred the property to a bona fide purchaser.

Plaintiff alleges that no Defendant is not a bona fide purchaser, and the Defendant GMAC and others, schemed to defraud and did defraud the US Bankrutpcy Court, and   Plaintiff in combination with other defendants, to steal her properties based upon fraudulent, forged documents, and documents which are misrepresenting and lacking any interest to transfer.

6.  As used in this section, "bona fide purchaser" means any person who purchases an interest in a residence in foreclosure from a foreclosure purchaser in good faith and for valuable consideration and who does not know or have reasonable cause to believe that the foreclosure purchaser engaged in conduct which violates subsection.  Plaintiff alleges Defendant Defendants and each of them, especially GMAC.  is a sophisticated thief of property, and combined with other defendants to record false and forged documents to steal Plaintiff's property.

229. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing

$5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

230. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XVI. THIRTEENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA STATUTES

## AGAINST ALL CALIFORNIA FORECLOSING DEFENDANTS

231. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

232. Plaintiff alleges that Citimortgage and their attorneys of record engaged in various conduct amounting to a crime in the recording of false and forged deeds and notices , violation of California Penal Code 115; resulting in a grand theft of Plaintiff's Harrington real, personal, professional, and business property, violation of California Penal Code 487;  that Defendants violated other California and US Banking and Lending statutes;   that Defendants had no right title and interest in Plaintiff's Harrington Property, and had no right to take Plaintiff's money in doing so, in violation of California Civil Code 2945 et seq.

233. Plaintiff has been harmed and the conduct of Defendants is a substantial factor in the harm.

234. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

235. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XVII. FOURTEENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA AND NEVADA
## BUSINESS AND PROFESSIONS STATUTES
## AGAINST ATTORNEY DEFENDANTS

236. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

237. In doing the acts complained of herein the attorney Defendants in California violated the following:

**California Rule of Professional Conduct 5-200, Trial Conduct**, states that in presenting a matter to a tribunal, a member:

(A) Shall employ, for the purpose of maintaining the causes confided to the member, such means only as are consistent with truth;

(B) Shall not seek to mislead the judge, judicial officer or jury by an artifice or false statement of fact or law;

(C) Shall not intentionally misquote to a tribunal the language of a book, statute or decision;

(D) Shall not, knowing its invalidity, cite as authority a decision that has been overruled or a statute that has been repealed or declared unconstitutional; and

(E) Shall not assert personal knowledge of the facts at issue, except when testifying as a witness.

**California Business and Professions Code 6068 (d)** states that it is the duty of an attorney to "employ, for the purpose of maintaining the causes confided to him or her, those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." And lest anyone take a violation of an attorney's duties lightly, the California Business and Professions Code contains a section that spells out the potential punishment. California Business and Professions Code Section 6103 states that "a willful disobedience or violation of an order of the court requiring him to do or forbear an act connected with or in the course of his profession, which he ought in good faith to do or forbear, and any violation of the oath taken by him, or of his duties as such attorney, constitute causes for disbarment or suspension."

238.    Plaintiff alleges that these acts and conduct heretofore plead are dishonest, and are immoral, and are corrupt, some constitute felonies.  The Court has a duty to report these offenses.

239. **California Business and Professions Code Section 6106** discusses actions unfit for an attorney, that may result in discipline. The

section states that "the commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension. If the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension from practice therefor."

240. **California Business and Professions Code Section 6067** requires a lawyer "faithfully to discharge the duties of any attorney at law to the best of his knowledge and ability."

241. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

242. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XVIII. FIFTEENTH CAUSE OF ACTION
## VIOLATION OF TILA, FERA, FCRA, RESPA, 18 USC 1002, 1028;
## 15USC 1601 ET SEQ.  AGAINST ALL DEFENDANTS

243. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

244. Plaintiff alleges that the lending and collecting entities violated various provisions of federal lending, credit reporting, mortgage fraud, false oath for real estate gain, statutes.

245.   Plaintiff has been damaged by these violations and seeks the remedies they provide.

246. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

247. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

## XIX. PUNITIVE DAMAGES ALLEGATION
## AGAINST ALL DEFENDANTS

248. Plaintiffs repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

249. **CALIFORNIA Civil Code Section 3294.** Plaintiff alleges that punitive damages are sought against all defendants for their conduct as heretofore plead as follows:

"(1)**"Malice"** means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

(2) **"Oppression"** means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(3) **"Fraud"** means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

250. As a result of these fraudulent transfers, Plaintiff has been gravely damaged so much so that she had to file Bankruptcy, and has been losing $5,000.00 per month in rent money for each property amounting to another $480,000.00 for each property and it is accruing daily from this property not to mention over $240,000.00 mortgages the Defendants collected from her for years and the BOA collection of $50,000.00 for "loan modification", not to mention the over $,1,000,000.00 cash in down payments.

251. Plaintiff-Debtor's damage total is estimated to be over fifty million US dollars. An exact amount is yet unknown presently but Plaintiff will amend this complaint when the full amount of her damages is known.

252. Plaintiff will therefore seek punitive and exemplary damages against all Defendants.

## XX. PRAYER FOR DAMAGES

253.  WHEREFORE, PLAINTIFF SALMA AGHA-KHAN, MD., demands judgment as follows:

AS TO ALL DEFENDANTS:

A.  Compensatory damages by virtue of Defendants' willful violation of statutes in the amount of $50,000,000.00;

B.  All statutory damages as allowed pursuant to law;

C.  Declaratory relief specifically, that all orders and actions arising from the illegal, fraudulent and malicious conduct of defendants be declared null and void; and that Plaintiff be returned to her status before the acts occurred;  that her LLC Vodka From Around the World be declared hers; that her homes be returned to her with all its contents prior to time Defendants broke into her home, vandalizing, trespassing etc; that all her professional, business; intellectual; personal; family possessions be returned to her;  that all the medical records and information be returned to her; that in the event items cannot be returned that Plaintiff receive reimbursement;  that fines be imposed upon Defendants per statute;

D.  For punitive and exemplary damages in the sum of  $22,000,000.00.

E.  Attorney fees, paralegal costs and other costs incurred by her;

F.  Such other and further relief as the court deems just and proper.

G.  Prejudgment Interest;

H.  Interest at the highest legal rate;

Plaintiff demands a jury trial.

DATED:  DECEMBER 14, 2016

_____

SALMA AGHA-KHAN, MD.

1

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked __X__, via the U.S. mail.

| Debtor(s) | Attorney for the Debtor(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Hon. Lawrence J. O'Neill, Chief Judge United States District Court, Eastern District of California (Fresno Division) |
| Salma Agha-Kahn, M.D. 3751 Motor Ave., #34727 Los Angeles, CA 90034 | Hon. Dale A. Drozd United States District Court, Eastern District of California (Fresno Division) |
| Hon. W. Richard Lee United States Bankruptcy Court Eastern District of California (Fresno Division) | Hon. Anthony W. Ishii United States District Court, Eastern District of California (Fresno Division) |
| Hon. Fredrick E. Clement United States Bankruptcy Court Eastern District of California (Fresno Division) | |