UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA AGHA-KHAN, | 1:17-CV-11-LJO |
| Plaintiff, | ORDER TO SHOW CAUSE RE CRIMINAL CONTEMPT |
| v. | |
| BANK OF AMERICA, et al., | |
| Defendants. | |

On January 4, 2017, Chief Bankruptcy Judge Ronald Sargis has filed a recommendation that the District Court withdraw reference of this adversary proceeding under 28 U.S.C. § 157(d). The bankruptcy debtor is the plaintiff in this adversary proceeding. The substance of the complaint concerns the reopening of plaintiff's bankruptcy case; Bankruptcy Judges Frederick Clement and Richard Lee, both of whom sit in this Court's Fresno division, are among the many defendants.

On January 6, 2017, the Court ordered the parties to show cause why this adversary proceeding should not be withdrawn and transferred to this Court. Plaintiff timely complied with that directive. Doc. 3.

In her response to the Court's order, Plaintiff makes a number of improper accusations against Bankruptcy Judge Frederick E. Clement and Bankruptcy Judge Richard Lee. Specifically, Plaintiff states:

- "The above motions detailed 'Judicial' actions of Defendant Judge Clement and his successor Defendant Judge Lee such as reopening bankruptcy lacking jurisdiction for personal gains, stealing Plaintiff's properties worth millions of dollars and justifying/hiding it by altering legal documents including her filings (even destroying some to prevent action), altering court transcripts, reserving blank spots in the docket,

1

conducing hearing under false titles, conducting hearing un-noticed, conducting hearings with less than 30 day required notice, notifying only Judges friends who were to benefit from such proceedings, supporting breaking into Plaintiff's home, vandalizing and stealing her priceless possessions to illegally try and sell the million dollar property so as to pocket the proceeds while posting orders without any proof of service to list a few judicial 'irregularities.'" Doc. 3 at 8.

- "It is well established that Judge Clement lent the prestige of his office to his friend as 'favor' to save his friend from a lawsuit judgment amounting to millions of dollars by reopening Plaintiff's Bankruptcy lacking jurisdiction with added attempt at stealing Plaintiff's home and her belongings even though Defendant Citi et al. fraud claim on the property was discharged in 2010." *Id.* at 16.

Under 18 U.S.C. § 401, this Court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Federal Rule of Criminal Procedure 42(a) provides in full:

> (a) Disposition After Notice. Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.
>     (1) Notice. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
>         (A) state the time and place of the trial;
>         (B) allow the defendant a reasonable time to prepare a defense; and
>         (C) state the essential facts constituting the charged criminal contempt and describe it as such.
>     (2) Appointing a Prosecutor. The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.
>     (3) Trial and Disposition. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

Pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42(a), the Court will hold a hearing to determine whether Plaintiff should be held in criminal contempt for the language contained in his filings in this case, including but not limited to the statements quoted above. *See* Fed. R. Crim. P. 42(a)(3). In a subsequent filing, the Court will request that the U.S. Attorney's Office for the Eastern

District of California prosecute the matter. *See* Fed. R. Crim. P. 42(a)(2).

The undersigned will hold a status conference on Tuesday, February 28, 2017, at 8:30A.M. to schedule a substantive contempt hearing. Plaintiff is ordered to appear in person at that time in the courtroom of the undersigned on the 7th floor of the United States Courthouse in Fresno, California. Since this is a criminal matter, Plaintiff would be well advised to retain an attorney for this hearing and all other potential hearings dealing with the matter of criminal contempt.

IT IS SO ORDERED.

Dated: **February 9, 2017**             /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE

3