# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SALMA AGHA-KHAN,** | 1:17-cv-11-LJO |
| **Plaintiff,** | **ORDER ADOPTING RECOMMENDATION THAT THE DISTRICT COURT WITHDRAW REFERENCE; DIRECTING CLERK TO RANDOMLY REASSIGN CASE** |
| v. | |
| **BANK OF AMERICA, et al.,** | |
| **Defendants.** | |

On January 4, 2017, Chief Bankruptcy Judge Ronald Sargis filed a recommendation that the District Court withdraw reference of this adversary proceeding under 28 U.S.C. § 157(d) and transfer it to this Court under 28 U.S.C. §§1404 and 1412. The bankruptcy debtor is the plaintiff in this adversary proceeding. The substance of the complaint concerns the reopening of plaintiff's bankruptcy case; Bankruptcy Judges Frederick Clement and Richard Lee, both of whom sit in this Court's Fresno division, are among the many defendants. The Court ordered the parties to show cause why the Court should not adopt Chief Bankruptcy Judge Sargis's recommendation and transfer this case to this Court.

Plaintiff timely filed a document that purports to be a response to the order to show cause ("OSC"). Doc. 3. That document, however, does not address the OSC or the underlying recommendation to withdraw the reference and transfer this case to this Court. It addresses only Plaintiff's allegations that the Bankruptcy Judges have conflicts of interest in this case.

District courts have original jurisdiction over cases arising under the Bankruptcy Code. This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters in the first instance to the district's bankruptcy judges. *See* General Orders 182 (1985) and 223 (1987).

Nevertheless, pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under . . . [§ 157(a)], on its own motion or on timely motion of any party, for cause shown." "Among the proper considerations on whether to withdraw the reference, are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues." *In re SK Foods, L.P.*, CIV. S-13-1363-LKK, 2013 WL 5494071, at *2 (E.D. Cal. Oct.1, 2013) (citing *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)).

This Court agrees that the authority of a bankruptcy judge fails to extend to at least some of Plaintiff's claims because the bankruptcy courts were not established under Article III of the United States Constitution. *See generally* Doc. 1 at 4, 10. The Chief Judge of the Bankruptcy Court thus appropriately recommends withdrawing the reference so that Plaintiff's claims may be heard instead by an Article III Court capable of exercising the full judicial power of the United States. Cause thus exists under 28 U.S.C. § 157(d) and reference of this adversary proceeding, *Agha-Khan v. Bank of America, et al.*, Adversary Proceeding Number 16-1107, filed December 15, 2016, is hereby withdrawn nunc pro tunc to January 4, 2017.

The Clerk of the Court is directed to REASSIGN this matter to a district judge for all further proceedings, except for the contempt proceedings against Plaintiff the undersigned has initiated, which will remain set before the undersigned.

IT IS SO ORDERED.

Dated: **February 23, 2017**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES CHIEF DISTRICT JUDGE