UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA AGHA-KHAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, et al.,<br><br>　　　　　Defendants. | No. 1:17-cv-00011-DAD<br><br><u>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED</u><br><br>(Doc. No. 1) |

　　　Plaintiff Salma Agha-Khan, proceeding *pro se*, filed this action on December 15, 2016, in the United States Bankruptcy Court in the Eastern District of California naming roughly thirty-two defendants, including two U.S. Bankruptcy Judges, and an additional 100 Doe defendants. (Doc. No. 1 at 10–11.) In her complaint plaintiff alleges that defendants acted improperly in the wrongful foreclosure of plaintiff's various properties in California and Nevada. (*Id*. at 21–22.) On February 24, 2017, the reference of this action to the Bankruptcy Court was withdrawn and the case was reassigned to this court for all further proceedings. (Doc. No. 13.)

　　　On March 14, 2017, defendants CitiMortgage, Inc., CitiBank, N.A., CitiCorp, CitiGroup, Inc., CR Title Services, Inc., Travis Nurse, Wolfe & Wyman LLP, Andrew Bao, Meagan Tom, and Heather Kim filed a motion to dismiss. (Doc. No. 26.) The next day, these same defendants filed a motion to declare plaintiff a vexatious litigant. (Doc. No. 37.) On March 28, 2017, U.S. Bankruptcy Judges Fredrick Clement and Richard Lee filed a motion to dismiss. (Doc. No .48.)

On April 6, 2017, defendants Aldridge Pite, LLP, sued herein as Pite Duncan, LLP, Eddie Jimenez, and Brian Paino, filed a motion to dismiss. (Doc. No. 53.)[1] On April 11, 2017, defendants Bank of America, N.A. and BAC Home Loans Servicing, Inc. joined in this motion to dismiss. (Doc. No. 59.) Finally, on May 3, 2017, plaintiff filed an *ex parte* motion for order to disqualify the entire bench of the Eastern District of California. (Doc. No. 73.) All of these pending motions are set for hearing on June 6, 2017 before the undersigned. (Doc. Nos. 51, 55, 75.)

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Named defendants Aurora Loan Services, Inc., McCarthy & Holthus, LLP, JaVonne Phillips, Mishaela Graves, Bruce Breitman, BBG Ltd., David Chandler, David Chandler PC, have not filed a motion to dismiss or an answer to the complaint and the court has no evidence before it that they have been properly served pursuant to Rule 4. Other defendants, including Aldridge Pite, LLP, sued herein as Pite Duncan, LLP, Eddie Jimenez, and Brian Paino, have responded to the complaint, but have noted that plaintiff failed to properly serve them pursuant to Rule 4. (*See, e g.*, Doc. No. 53-1 at 2.)

A pro se plaintiff, like all other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8

---

[1] Defendants Routh Crabtree Olsen, P.S., Edward Weber, Brett Ryan, Jonathan Damen, GMAC Mortgage, LLC and OCWEN Financial Corp. requested joinder in the motion to dismiss filed by Pite Duncan, LLP, Eddie Jimenez, and Brian Paino in the Bankruptcy Court before the case was reassigned to this court. This court deems that earlier filed request as a request by these defendants to join in the same motion to dismiss filed in this court.

and detailed factual allegations are not required, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint that alleges fraud, like plaintiff's pending complaint before this court, must also satisfy the requirements of Rule 9(b). In particular, Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used).'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107 (9th Cir. 2003) (citing *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Under Rule 9(b), the circumstances constituting the alleged fraud must be specific enough to give each defendant notice of its particular misconduct so that the defendant can defend against the charge instead of merely denying that it did anything wrong. *Kearns*, 567 F.3d at 1124 (citing *Bly–Magee*, 236 F.3d at 1019). To satisfy the particularity standard of Rule 9(b), the plaintiff must set forth more than the neutral facts necessary to identify the transaction at issue. *Id.* (*citing In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds ).

A federal court "shall dismiss the case at any time," regardless of whether the plaintiff paid any filing fee, "if the court determines that the action [ ] is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pro se complaint appears to fail to satisfy the basic requirements imposed under § 1915(e)(2)(B) and Rule 8 and 9(b).

The undersigned also notes that plaintiff has named as defendants in this action two U.S. Bankruptcy Judges for actions that would appear to clearly involve the judges acting in their judicial capacity. "It is well settled that judges are generally immune from civil liability under section 1983." *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v.*

*Waco*, 502 U.S. 9, 9–10 (1991)). Thus, "a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Accordingly, judges are immune from liability for damages for acts committed within their judicial discretion. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). This absolute immunity applies for judicial acts even when a judge is accused of acting maliciously and corruptly. *Id*. at 554.

For these reasons, it appears that the court must dismiss this action *sua sponte* under § 1915. The court, however, will first order plaintiff Agha-Khan to show cause why the matter should not be dismissed without leave to amend as to all defendants. Plaintiff will be required to respond in writing (not to exceed ten pages in length) to this order to show by Friday, June 2, 2017. Plaintiff's response, if any, shall concisely explain why plaintiff believes she is legally entitled to pursue this action despite the patent defects in the complaint noted above. Plaintiff is also forewarned, that should she fail to respond to this order to show cause in writing, as required, this action will be dismissed for failure to prosecute and failure to obey the court's orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-46 (1991) (recognizing that it is within the inherent authority of the court to control its docket and require compliance with its orders).

IT IS SO ORDERED.

Dated: **May 19, 2017**

UNITED STATES DISTRICT JUDGE

4