UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA AGHA-KHAN,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, et al.,<br><br>Defendants. | No. 1:17-cv-00011-DAD<br><br>ORDER GRANTING MOTIONS TO DISMISS<br><br>(Doc. Nos. 26, 37, 48, 53, 73, 84, 85, 90, 91, 92, 93, 94, 95, 96, 97) |

Plaintiff Salma Agha-Khan, proceeding *pro se*, filed this action on December 15, 2016, in the United States Bankruptcy Court of the Eastern District of California naming roughly thirty-two defendants, including two U.S. Bankruptcy Judges, and an additional 100 Doe defendants. (Doc. No. 1 at 10–11.) On February 24, 2017, the reference of this action to the Bankruptcy Court was withdrawn and the case was reassigned to this court for all further proceedings. (Doc. No. 13.)

On March 14, 2017, defendants CitiMortgage, Inc., CitiBank, N.A., CitiCorp, CitiGroup, Inc., CR Title Services, Inc., Travis Nurse, Wolfe & Wyman LLP, Andrew Bao, Meagan Tom, and Heather Kim (collectively, the "CitiBank defendants") filed a motion to dismiss. (Doc. No. 26.) The following day, these same defendants filed a motion to declare plaintiff a vexatious litigant. (Doc. No. 37.) On March 28, 2017, U.S. Bankruptcy Judges Fredrick Clement and Richard Lee filed a motion to dismiss. (Doc. No. 48.) On April 6, 2017, defendants Aldridge

1

Pite, LLP, sued herein as Pite Duncan, LLP, Eddie Jimenez, and Brian Paino (collectively, the "Aldridge Pite defendants") filed a motion to dismiss. (Doc. No. 53.)[1] On April 11, 2017, defendants Bank of America, N.A. and BAC Home Loans Servicing, Inc. joined in this latter motion to dismiss. (Doc. No. 59.) Finally, on May 3, 2017, plaintiff filed an *ex parte* motion for order to disqualify the entire bench of the Eastern District of California from presiding over this action. (Doc. No. 73.)

On May 24, 2017, plaintiff filed oppositions to the pending motions to dismiss. (Doc. Nos. 79 and 81.) On June 2, 2017, shortly before the scheduled hearing on the pending motions, plaintiff also filed requests for entry of default judgment against numerous defendants as well as a motion to disqualify the undersigned with a motion for order shortening time in connection with the latter motion. (Doc. Nos. 84, 85, 90, 91, 92, 93, 94, 95, 96, 97.)

On May 19, 2017, the court issued an order requiring plaintiff to show cause in writing by June 2, 2017 "why the matter should not be dismissed without leave to amend as to all defendants." (Doc. No. 77 at 44.) The order to show cause noted that plaintiff's pro se complaint appeared to fail to comply with the basic requirements imposed under Federal Rules of Civil Procedure ("Rule") 4(m), 8(a), and 9(b) and 28 U.S.C. § 1915(e)(2)(B) and that judicial immunity appeared to clearly apply to the two named U.S. Bankruptcy Judge defendants in light of the nature of the complaint's allegations as to them. (*Id*. at 2–4.) The order to show cause directed plaintiff to "concisely explain [in ten pages or less] why [she] believes she is legally entitled to pursue to this action despite the patent defects in the complaint noted above." (*Id*. at 4.)

On June 2, 2017, plaintiff responded to the order to show cause. (Doc. No. 86.) Therein plaintiff noted that her complaint "comprises 317 pages" and therefore she could not address the issues in the order to show cause within the ten page limit and requested that the court incorporate the arguments set forth in her prior pleadings. (*Id*. at 3.) Plaintiff, however, offered no

---

[1] Defendants Routh Crabtree Olsen, P.S., Edward Weber, Brett Ryan, Jonathan Damen, GMAC Mortgage, LLC and OCWEN Financial Corp. requested joinder in the motion to dismiss filed by Pite Duncan, LLP, Eddie Jimenez, and Brian Paino in the Bankruptcy Court before the case was reassigned to this court. This court deems that earlier filed request as a joinder by these defendants in the same motion to dismiss filed before this court.

substantive or meaningful response to her failure to comply with the basic requirements imposed under Rules 4(m), 8(a), and 9(b) and 28 U.S.C. § 1915(e)(2)(B) or to the apparent applicability of judicial immunity to the two named judicial defendants. Instead, plaintiff repeated her arguments that the undersigned was automatically disqualified from presiding over the present action and that this court lacked jurisdiction because plaintiff had named the undersigned as a defendant in a case she recently filed in the United States District Court for the Central District of California. (*Id*.)

On June 6, 2017, all the pending motions and the order to show cause came before the court for hearing. (Doc. Nos. 51, 55, 75.) Plaintiff appeared telephonically on her own behalf. Attorney Brian Gunn appeared telephonically on behalf of the CitiBank defendants. Attorney Eddie Jimenez appeared telephonically on behalf of the Aldridge Pite defendants. Attorney Adam Barasch appeared telephonically on behalf of Bank of America, N.A. and BAC Home Loans Servicing, Inc. Attorney Michael Hogue appeared telephonically on behalf of GMAC Mortgage, LCC and OCWEN Financial Corp. Assistant United States Attorney Philip Scarborough appeared telephonically on behalf of U.S. Bankruptcy Judges Clement and Lee. The motions were taken under submission. (Doc. No. 99.)

For the reasons stated below, plaintiff's motions to disqualify the entire Eastern District of California and, more specifically, the undersigned from presiding over this action will be denied, defendants' motion to declare plaintiff a vexatious litigant will be denied, plaintiff's requests for entry of default will be denied, and defendants' motions to dismiss will be granted. Finally, all claims and defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) based upon the court's determination that this action is frivolous.

**I.     PLAINTIFF'S RECUSAL MOTIONS**

The court will first address plaintiff's recusal motions. Specifically, plaintiff seeks to disqualify the entire bench of the U.S. District Court for the Eastern District of California, arguing that she "cannot proceed under the extreme bias and prejudice handed to her by judiciary in Eastern District." (Doc. No. 73 at 5.) Plaintiff has also sought to recuse the undersigned on similar grounds. (Doc. No. 97.) Under 28 U.S.C. § 144, "whenever a party to any proceeding in

3

a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; *see also Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Pesnell,* 543 F.3d at 1043. Title 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party . . ." 28 U.S.C. § 455(b)(1).

Under both recusal statutes, the substantive standard is "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell*, 543 F.3d at 1043 (citing *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). However, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. *Id*. (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *In re Focus Media, Inc*., 378 F.3d 916, 930 (9th Cir. 2004) (quoting *Liteky*, 510 U.S. at 555.)

Here, plaintiff's motion for disqualification is apparently based on her belief that the Eastern District is biased because U.S. District Judge Lawrence O'Neill "issue[d] an arrest warrant based on my pleadings that are absolutely privileged [and] seeks to prosecute Plaintiff's criminally for contempt for what Plaintiff's write in a pleading and for the exercise of their civil rights." (Doc. No. 73 at 23.) Plaintiff also argues that the issuance of the order to show cause in this case is evidence of the undersigned's "personal vendetta." (Doc. No. 97 at 3–4.) Not only is plaintiff incorrect, but she has failed to present any facts to suggest impartiality or bias on the part

/////

/////

/////

4

of the assigned judge or the entire bench of this court based upon anything outside of the court's legal rulings.[2]

Accordingly, plaintiff's motions to disqualify the entire bench of the Eastern District of California and the motion to disqualify the undersigned will be denied.

## II.     MOTIONS TO DISMISS

### Background

In the present action, plaintiff asserts claims for: (1) bankruptcy fraud under 18 U.S.C. § 157; (2) making false oaths under 18 U.S.C. § 152; (3) fraud; (4) violation of 42 U.S.C. §§ 1982 and 1983; (5) violation of due process under the United States, California, and Nevada constitutions; (6) negligence; (7) conversion; (8) trespass to chattel; (9) defamation; (10) false light; (11) slander of title; (12) violations of Nevada Revised Statutes 645; (13) violations of California Penal Code § 115, California Civil Code § 2945, *et seq.*, and other California and United States banking and lending statutes; (14) violations of the California Business and Professions Code; and (15) violations of FCRA, FERA, TILA and 18 U.S.C. § 1028. (Doc. No. 1 at 10–11.) Plaintiff alleges that defendants filed false claims and forged documents containing fabricated statements in order to wrongfully foreclosure on her listed properties in Las Vegas, Nevada and Bakersfield, California. (*Id*. at 21–22.) Plaintiff also alleges that defendants collected mortgage payments from her without any legal right to do so and enrolled her in a loan modification "for a loan they legally did not have," pushing her into bankruptcy. (*Id*. at 22.)

The CitiBank defendants now move to dismiss arguing that the complaint fails to state any cognizable claim and fails to meet the pleading requirements of Federal Rules of Civil Procedure ("Rule") 8(a) and 9(b). (Doc. No. 27 at 2–3.) Furthermore, they argue the claims against the CitiBank defendants are barred by claim preclusion because they are based on the same subject

---

[2] Were plaintiff seeking the recusal of all the judges of this court because she has named them as defendants at one time or another in one or more of the many civil actions she has filed in various courts, her recusal motions would still lack merit. *See Glick v. Edwards*, 803 F.3d 505, 509 (9th Cir. 2015) ("We therefore hold that the rule of necessity applies where every judge of a tribunal would otherwise be disqualified."), cert. denied ___U.S.___, 137 S. Ct. 144 (2016); *see also Brownlee v. Boone*, 1:16-cv-682-LJO-EPG, 2016 WL 4126899, at *1, n.1 (E.D. Cal. Aug. 3, 2016).

property, mortgage loan, loan modification discussions, foreclosure proceedings, and unlawful detainer action and subsequent writ of possession that have already been litigated to conclusion in *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127 (E.D. Cal. 2013). (*Id.*) Finally, they argue the claims against Wolfe & Wyman and its attorneys are barred by the litigation privilege found in California Civil Code § 47(b). (*Id.* at 3.)

U.S. Bankruptcy Judges Clement and Lee also move to dismiss, arguing that they enjoy absolute judicial immunity for the actions plaintiff challenges taken in connection with her bankruptcy proceedings. (Doc. No. 48-1 at 2.) They also contend that plaintiff's claims against them are duplicative of claims upon which this court previously entered a judgment against plaintiff, which judgment was affirmed by the Ninth Circuit. *See Agha-Khan v. United States*, No. 1:15-cv-00042-AWI, 2015 WL 5734380, at *6 (E.D. Cal. Sept. 29, 2015), aff'd, No. 16-15164, 2017 WL 1046207 (9th Cir. Mar. 20, 2017). They also note that plaintiff has failed to plead fraud with the particularity required by Rule 9(b). (*Id.*)

The Aldridge Pite defendants move to dismiss arguing that plaintiff's complaint fails to plead facts with particularity in compliance with Rule 8, fails to state a claim, and otherwise fails to allege facts as to specific Aldridge Pite defendants. (Doc. No. 53-1 at 2.) They also contend that plaintiff failed to properly serve the summons and complaint pursuant to Rule 4. (*Id.*)

Plaintiff has opposed the pending motions to dismiss in 95-page and a 123-page, disjointed and rambling oppositions. (Doc. Nos. 79 and 81.) Therein, plaintiff argues that she has met the pleading standards imposed by the Federal Rules of Civil Procedure and contends that defendants have altered the bankruptcy statute and attached forged copies of title documents. (*Id.*) Plaintiff also contends in conclusory fashion that U.S. Bankruptcy Judges Lee and Clement are not entitled to judicial immunity because they have engaged in fraud upon the court and because misusing court and public resources are not judicial functions. (*Id.*)

**Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

6

sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

/////

7

**Analysis**

*A. Rule 8(a)(2) and 9(b)*

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. *Jones*, 733 F.2d at 649. Under these standards, a complaint should state identifiable causes of action and allege facts that satisfy the elements of those causes of action both plainly and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's claim.

Furthermore, a complaint alleging fraud, as does plaintiff's pending complaint before this court, must also satisfy the requirements of Rule 9(b). In particular, Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used).'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or

claim." *Vess*, 317 F.3d at 1107 (9th Cir. 2003) (citing *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Under Rule 9(b), the circumstances constituting the alleged fraud must be specific enough to give each defendant notice of its particular misconduct so that the defendant can defend against the charge instead of merely denying that it did anything wrong. *Kearns*, 567 F.3d at 1124 (citing *Bly–Magee*, 236 F.3d at 1019). To satisfy the particularity standard of Rule 9(b), the plaintiff must set forth more than the neutral facts necessary to identify the transaction at issue. *Id*. (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds ).

Here, plaintiff's complaint fails to satisfy any of these standards. In her complaint plaintiff alleges fraud in the various stages of a loan modification and foreclosure process, but fails to allege specific acts that specific defendants took constituting the alleged fraud. (*See generally* Doc. No. 1 at 23–38.) For instance, plaintiff alleges in conclusory fashion that defendants illegally sold her property, forged documents, and made false representations, but does not allege any specific facts in support of these claims. (*Id*. at 27–38.) Plaintiff also alleges generally that defendant CitiMortgage and its attorneys committed fraud in the various stages of a loan modification process, but does not allege the specific acts that constituting the alleged fraud. (*Id*. at 27–28.) Furthermore, plaintiff has named numerous attorneys in her complaint and generally alleges they have engaged in fraud, but again has failed to allege any specific act that any specific attorney took constituting the claimed fraud. (*Id.* at 23–31.) Finally, plaintiff alleges that five of her properties were unlawfully foreclosed upon (Doc. No. 1 at 21–22), but her complaint lacks any specific allegations of what was unlawful about the claimed foreclosure on any of the five properties Accordingly, dismissal of plaintiff's complaint is required due to the failure to comply with the pleading requirements imposed by the Federal Rules of Civil Procedure.

### B. Rule 4(m)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the

> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Named defendants Aurora Loan Services, Inc., McCarthy & Holthus, LLP, JaVonne Phillips, Mishaela Graves, Bruce Breitman, BBG Ltd., David Chandler, David Chandler PC, have not filed a motion to dismiss or an answer to the complaint. However, there is also no indication on the court's docket that any of these defendants have been properly served pursuant to Rule 4. Other defendants, including Aldridge Pite, LLP, sued herein as Pite Duncan, LLP, Eddie Jimenez, and Brian Paino, have responded to the complaint, but have noted that plaintiff failed to properly serve them as required under Rule 4. (*See, e g.*, Doc. No. 53-1 at 2.) Indeed, the court has not issued any summons in this case. *See* Fed. R. Civ. P. 4(a)(1)(F)-(G) ("A summons must . . . (F) be signed by the Clerk; and (G) bear the court's seal."); Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."). Plaintiff has not established any good cause for the failure to properly serve these defendants within the time provided by the rule. Accordingly, dismissal as to those defendants who have not been served in compliance with Rule 4 is appropriate. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

### C. Judicial Immunity

As noted above, plaintiff has named as defendants in this action two U.S. Bankruptcy Judges for actions that clearly involve the judges acting in their judicial capacity. "It is well settled that judges are generally immune from civil liability under section 1983." *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Thus, "a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Judges are immune from liability for damages for acts committed within their judicial discretion. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) ("It has long been established that judges are absolutely immune from liability for

10

acts 'done by them in the exercise of their judicial functions.'"). This absolute immunity applies for judicial acts even when a judge is accused of acting maliciously and corruptly. *Pierson*, 386 U.S. at 554.

Here, it is apparent from the face of the complaint that plaintiff's claims against the two U.S. Bankruptcy Judges named as defendants are based upon acts taken by those judges in their judicial capacity. Accordingly, the two judicial defendants are entitled to dismissal of this action.

### D. Res Judicata

Finally, in large part plaintiff's claims against many of the defendants here are barred by res judicata. The doctrine of res judicata governs "[t]he preclusive effects of former litigation." *Hiser v. Franklin*, 94 F.3d 1287, 1290 (9th Cir. 1996) (citing *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n. 1 (1984)). "Res judicata applies when 'the earlier suit . . . (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton ElectroOptical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

In order to determine whether two suits involve the same claim or cause of action, the court considers four criteria: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987 (citing *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003)).

The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting that "with prejudice" is an acceptable shorthand for adjudication on the merits); *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case."). If the judgment in the earlier suit stated that the action was dismissed and did not specify whether

the suit was dismissed with or without prejudice, the dismissal should be interpreted as an adjudication on the merits pursuant to Federal Rule of Civil Procedure 41(b), unless one of the listed exceptions applies. *Stewart*., 297 F.3d at 956.

Here, plaintiff's claims against the CitiBank defendants have already been litigated and dismissed with prejudice in an earlier action filed in this district court. *See Khan*, 975 F. Supp. 2d at 1149.[3] That previously resolved case involved plaintiff's claims that CitiMortgage, Inc. and the Wilmington Trust Company proceeded unlawfully in the loan modification and foreclosure process with respect to plaintiff's property in Bakersfield. *Id*. at 1134. These are the same claims plaintiff is now making against CitiMortgage and its attorney regarding her Bakersfield property. (Doc. No. 1 at 26–29.) Dismissal of plaintiff's claims against the CitiBank defendants regarding her Bakersfield property is therefore proper under res judicata. *See Agha-Khan*, 2017 WL 1046207 at *1 ("Dismissal of Agha-Khan's claims against CitiMortgage Inc., CitiBank, NA, RE/MAX Holdings, Inc., and RE/MAX LLC was proper because they are barred by res judicata, as Agha-Khan raised, or could have raised, these claims in a prior federal action in which there was a final judgment on the merits").

Likewise, plaintiff's claims in this action against the two U.S. Bankruptcy Judges have already been litigated and dismissed with prejudice, with that judgment of dismissal being affirmed on appeal. *See Agha-Khan v. United States*, 2015 WL 5734380 (Sept. 29, 2015 E.D. Cal.) aff'd, 2017 WL 1046207 (9th Cir. Mar. 20, 2017). In that earlier case, plaintiff alleged that the same two U.S. Bankruptcy Judges were complicit in perpetuating the alleged fraud against her in her Chapter 7 bankruptcy case filed in the Bankruptcy Court for the Eastern District of California, Case No. BK 10-161183. *Agha-Khan*, 2015 WL 5734380 at *1. Plaintiff is once again making that same claim here relating to the adversarial proceeding, No. 13-01086, stemming from her bankruptcy case and involving the same residential mortgage loan and same

---

[3] The court can take judicial notice of the court's own records. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

real property as her bankruptcy case. (Doc. No. 1 at 31–32; *see In re Agha*, No. 10-16183-B-7, 2015 WL 739828 (Bankr. E.D. Cal. Feb. 19, 2015)). All of these cases involve the same rights, same nucleus of facts, the same evidence, and the same parties. Since a final judgment was reached in the prior litigation, res judicata applies here as to the claims against the two U.S. Bankruptcy Judges named again as defendants here.[4]

### E. Leave to Amend

The undersigned has carefully considered whether plaintiff may amend her pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988). *See also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The preclusion that results from application of the doctrine of res judicata, renders it futile to grant leave to amend on those claims. Furthermore, the court informed plaintiff of the patent deficiencies in her complaint in its May 19, 2017 order to show cause. (Doc. No. 77.) In her response, failed to provide any meaningful response to her failure to comply with the basic requirements imposed under Rules 4(m), 8(a), and 9(b) and 28 U.S.C. § 1915(e)(2)(B) and that judicial immunity appeared to apply to the two named judicial defendants in the action. The court therefore finds that granting leave to amend in this matter would be futile and would only serve to promote plaintiff's harassing conduct. Leave to amend is denied.

/////

/////

---

[4] The CitiBank defendants and Bankruptcy Judges Clement and Lee moved to dismiss claims on res judicata grounds. However, many of plaintiff's claims against other defendants named in this action appear to be barred by res judicata or collateral estoppel as well.

### III. MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

The CitiBank defendants also seek to declare plaintiff a vexatious litigant and request that the court issue a pre-filing order requiring plaintiff to post a $25,000 security bond for litigation costs in order to proceed with this action. (Doc. No. 38 at 15.) Defendant CitiBank's motion lists six separate lawsuits plaintiff has filed arising from the same residential mortgage loan and same real property. (*Id*. at 2 n.1.) *See Khan v. CitiMortgage, Inc.*, No. S-1500-CV-278192 (Super. Ct. Cal.) (voluntarily dismissed without prejudice); *Khan v. CitiMortgage, Inc.*, No. 1:12-cv-02056-LJO-GSA (E.D. Cal. Feb. 7, 2013) (voluntarily dismissed without prejudice); *Khan,* 975 F. Supp. 2d at 1149 (granting motion to dismiss with prejudice); *In re Agha*, 2015 WL 739828 at *4 (granting motion to dismiss without prejudice to debtor's right to pursue non-bankruptcy claims in a court of proper jurisdiction); *Agha-Khan v. Breitman*, No. 2:14-cv-03490-FMO-CW (C.D. Cal. April 20, 2015), aff'd, No. 15-55976, 2017 WL 1046198 (9th Cir. Mar. 20, 2017) (concluding that the district court did not abuse its discretion in dismissing the action with prejudice because the complaint's allegations were "vague, confusing, and failed to tie defendants to specific claims."); *Agha-Khan*, 2015 WL 5734380, aff'd, 2017 WL 1046207 at *1 (concluding that "[t]he district court did not abuse its discretion in dismissing Agha-Khan's complaint without leave to amend because amendment would be futile").

The CitiBank defendants highlight that on November 12, 2015, in declining to issue a pre-filing order in one of plaintiff's prior cases, the court stated that

> it declines to issue a pre-filing order against Agha-Khan at this time. However, the Court strongly warns her that, if she continues her current conduct, she is rapidly approaching the day where such an order is issued against her.

(Doc. No. 38 at 3) (quoting *Agha-Khan v. United States*, Case No. 1:15-cv-00042-AWI, slip op. at 5 (E.D. Cal. Nov. 12, 2015)). Plaintiff has since filed the present action as well as another civil action in the Central District of California that was recently dismissed with leave to amend. *See Agha-Khan v. United States*, No. 2:17-cv-03186-SUW-MRW, slip op. at 2 (C.D. Cal. May 19, 2017).

/////

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." Under California law a "vexatious litigant" includes those persons acting *in propria persona* who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Code Civ. Proc. § 391(b)(3).[5] Pre-filing review orders, in which a complainant is required to obtain court approval prior to filing a complaint, are appropriate under certain circumstances but "should rarely be filed." *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

The Ninth Circuit has stated that the following four conditions must be met before the court enters such a pre-filing review order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored. *DeLong*, 912 F.2d at 1147–48; *see also Molski*, 500 F.3d at 1057–58 (9th Cir. 2007).

Having reviewed plaintiff's prior cases, it appears clear that plaintiff is engaging in a burgeoning pattern of harassing conduct and that a pre-filing order may soon be appropriate. Nonetheless, the court declines to issue a pre-filing order at this time. *See Dean v. Sternquist*, No. 2:11-cv-03372-KJM-DAD, 2012 WL 3071205, at *5 (E.D. Cal. July 26, 2012) (making a substantive finding of frivolousness but declining to issue a pre-filing order when plaintiff had brought against defendant three prior federal civil actions that appeared to arise from the same alleged events and involved at least some of the same claims); *Stringham v. Bick*, No. 2:09-cv-

---

[5] A vexatious litigant is also a person acting in propria persona who has previously been declared to be a vexatious litigant by a state court in any action based upon substantially similar facts, transaction, or occurrence. Cal. Code Civ. Proc. § 391(b)(4).

15

0286-MCE-DAD, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011) (denying motion to declare plaintiff a vexatious litigant when plaintiff brought more than five unsuccessful lawsuits over prior seven years); *see also Molski*, 500 F.3d at 1065 n. 8 (noting that a district court is under no obligation to issue a pre-filing order and "may exercise its sound discretion under the facts presented to choose any appropriate sanction . . .").

### IV. ORDER TO SHOW CAUSE - DISMISSAL OF ACTION AS FRIVOLOUS

As noted at the outset of this order, on May 19, 2017, the court issued an order requiring plaintiff to show cause in writing "why the matter should not be dismissed without leave to amend as to all defendants." (Doc. No. 77 at 44.) Plaintiff has failed to show such cause, nor has she addressed the court's concerns regarding the apparent frivolousness of this action. Therefore, the undersigned will make a substantive finding of frivolousness as to the complaint filed in this action.

It appears that, according to plaintiff, defendants' primary transgression was participating in one way or another in an adverse ruling against plaintiff in her bankruptcy case. Moreover, many of these claims against many of these defendants have already been litigated, could have been litigated in prior federal actions filed by plaintiff, or are otherwise meritless. In short, the allegations of plaintiff's complaint in this action lack an arguable basis in law, are indisputably meritless and are thus frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325–27 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984); 28 U.S.C. § 1915(e).

In light of this finding as well as plaintiff's litigation history reviewed above, the court also cautions plaintiff that the filing of a yet another new action against the defendants named in this action involving the allegations made in this action, may well result in an order declaring her to be a vexatious litigant and subjecting her to pre-filing limitations in the future.

### V. PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT

Plaintiff has filed requests for entry of default against Aurora Loan Services, Inc., Javonne Phillips, Bruce Breitman, BBG LTD, McCarthy & Holthus, LLP, Mishaela Graves, David Chandler, Sr., David Chandler Jr., and David Chandler, PC. (Doc. Nos. 84, 85, 90, 91, 92, 93, 94, 95, 96.) A federal court does not have jurisdiction over a defendant unless the defendant has been

served properly under Fed. R. Civ. P. 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Without substantial compliance with Rule 4 "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987). In this case, plaintiff has filed numerous "certification of service of reissued summons" with the court. (Doc. No. 98.) However, the court has never issued any summons in this case. *See* Fed. R. Civ. P. 4(a)(1)(F)-(G) ("A summons must . . . (F) be signed by the Clerk; and (G) bear the court's seal."); Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."). Entry of default is therefore not proper and plaintiff's requests for entry of default are therefore denied.

**Conclusion**

For all of the reasons set forth above:

1) Plaintiff's motion to shorten time (Doc. No. 97) is granted;

2) Plaintiff's motion to disqualify the entire bench of the U.S. District Court for the Eastern District of California (Doc. No. 73) and motion to disqualify the undersigned (Doc. No. 97) are denied;

3) Defendants' motions to dismiss (Doc. Nos. 26, 48, 53) are granted;

4) Plaintiff's complaint is dismissed as frivolous and without leave to amend;

5) The CitiBank defendants' motion to declare plaintiff a vexatious litigant (Doc. No. 37) is denied without prejudice;

6) Plaintiff's requests for entry of default (Doc. Nos. 84, 85, 90, 91, 92, 93, 94, 95, 96) are denied; and

7) The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **June 30, 2017**

UNITED STATES DISTRICT JUDGE

17