UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA AGHA-KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, et al.,<br><br>    Defendants. | No. 1:17-cv-00011-DAD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT<br><br>(Doc. No. 108) |

Plaintiff Salma Agha-Khan, proceeding *pro se*, filed this action on December 15, 2016, in the United States Bankruptcy Court of the Eastern District of California naming roughly thirty-two defendants, including two U.S. Bankruptcy Judges, and an additional 100 Doe defendants. (Doc. No. 1 at 10–11.) On February 24, 2017, the reference of this action to the Bankruptcy Court was withdrawn and the case was reassigned to this court for all further proceedings. (Doc. No. 13.)

The procedural history of this case has been fully discussed in prior orders and need not be reiterated here. (*See* Doc. No. 101 at 1–3.) On June 30, 2017, the court dismissed this action, and judgment was entered on the same day. (*See* Doc. Nos. 101, 102.) Following dismissal of the action, plaintiff filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Doc. No. 108.) On July 28, 2017, defendants Fredrick E. Clement and

1

Richard Lee, both U.S. Bankruptcy Judges, filed an opposition to plaintiff's motion for relief from judgment. (Doc. No. 111.)

Federal Civil Procedure Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." "The law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Plaintiff appears to focus her arguments on subsections (3) and (6) of Rule 60(b), which permit relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Each is addressed in turn below.

2

To prevail under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained by fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (quoting *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Further, that fraud must not have been "discoverable by due diligence before or during the proceedings." *Id.* (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

Plaintiff asserts that fraud occurred in this case because various defendants engaged in a concerted action "to steal her properties." (Doc. No. 108 at 12.) However, as plaintiff herself admits, she previously made similar allegations in her now-dismissed complaint, and submitted exhibits purporting to show evidence of such fraud. (*Id.*) In other words, she does not claim to have discovered any new evidence of fraud since judgment was entered in this case. Instead, plaintiff simply disagrees with the court's dismissal of her fraud claims. (Doc. No. 101 at 8–9.) Plaintiff cannot obtain relief under Rule 60(b)(3) by asserting merely that the court's ruling was incorrect. *See In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987) ("The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.").

The remainder of plaintiff's contentions appear to fall under Rule 60(b)(6), which permits the court to relieve a party from final judgment for any "reason that justifies relief." Relief under this provision "will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009).

Plaintiff's contentions are unavailing because she has made no showing that circumstances outside of her control prevented her from taking timely action to protect her interests. Indeed, most of plaintiff's objections have been previously raised—and rejected—at earlier stages of this litigation. The court briefly summarizes each:

1. Plaintiff's argument that recusal was required of all judges in the Eastern District of California, including the undersigned (Doc. No. 108 at 12), was previously considered by the court and rejected. (Doc. No. 101 at 3–5.)

|   |   |   |
|---|---|---|
| 1 | 2. | Plaintiff's argument that default judgment should have been granted in plaintiff's favor against several defendants (Doc. No. 108 at 16) was previously considered by the court and rejected. (Doc. No. 101 at 16–17.) |
| 4 | 3. | Plaintiff's argument that this court is biased because a different district judge of this district commenced contempt proceedings against her (Doc. No. 108 at 19–20) was considered in connection with plaintiff's recusal argument, and rejected by the court. (Doc. No. 101 at 3–5.) |
| 8 | 4. | Plaintiff's argument that the docket reflects "false statements" because she was denied the ability to file papers with this court while represented by an attorney (Doc. No. 108 at 21) does not allege any injury as a result of that denial, as Rule 60(b)(6) requires. *Gardner*, 563 F.3d at 991. It is therefore without merit. |
| 12 | 5. | Plaintiff's argument that her complaint is missing from the docket (Doc. No. 108 at 21) is simply incorrect. (*See* Doc. No. 1 at 9–62.) In any event, plaintiff does not allege that this has caused her any injury, so her objection in this regard is also meritless. *Gardner*, 563 F.3d at 991. |
| 16 | 6. | Plaintiff's argument that leave to amend her complaint should have been granted (Doc. No. 108 at 21–22) was previously considered and rejected by the court. (Doc. No. 101 at 13.) |
| 19 | 7. | Finally, plaintiff's argument that some of her claims were not barred by res judicata (Doc. No. 108 at 23) was previously considered and rejected by the court. (Doc. No. 101 at 11–13.) |

In sum, all of plaintiff's stated grounds for relief amount to nothing more than mere disagreement with this court's prior rulings, or fail to demonstrate actual injury as required for the granting of relief under Rule 60(b)(6). Accordingly, plaintiff's motion for relief from judgment (Doc. No. 108) is denied.

IT IS SO ORDERED.

Dated: **September 25, 2017**

UNITED STATES DISTRICT JUDGE